1  PAULA C. GREENSPAN, SB# 166332
      E-Mail: greenspan@lbbslaw.com
2  JOSEPHINE A. BROSAS, SB # 239342
      E-Mail: brosas@lbbslaw.com
3  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California 90012
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Plaintiffs Donald F. Waitt
   and Tyler A. Waitt

7

8

9                  UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  DONALD F. WAITT, an individual,        CASE NO. **CV10  3006 GHK FMOx**
    and TYLER A. WAITT, an individual,
13
                                           **COMPLAINT FOR:**
14              Plaintiffs,

15         v.                              (1) **BREACH OF CONTRACT;**
                                           (2) **BREACH OF THE IMPLIED**
16  INTERNET BRANDS, INC., a                   **COVENANT OF GOOD**
    Delaware corporation, and DOES 1          **FAITH AND FAIR**
17  thorough 10 inclusive,                     **DEALING;**
                                           (3) **CONVERSION;**
18              Defendants.                 (4) **FRAUD AND DECEIT;**
                                           (5) **FRAUDULENT**
19                                             **INDUCEMENT; AND**
                                           (6) **ACCOUNTING**
20
21
22                                         **DEMAND FOR JURY TRIAL**
23
24
25  / / /
26  / / /
27  / / /
    / / /
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4844-0475-5205.1
                     COMPLAINT AND DEMAND FOR JURY TRIAL

1  Plaintiffs DONALD F. WAITT AND TYLER A. WAITT, for their

2  Complaint against Defendant INTERNET BRANDS, INC., a Delaware corporation,

3  allege as follows:

4  ### NATURE OF THE ACTION

5  1.    This is an action for:  (1) Breach of contract; (2)  Breach of the implied

6  covenant of good faith and fair dealing; (3)  Conversion; (4)  Fraud and Deceit;  (5)

7  Fraudulent Inducement;  and (6)  for an Accounting.

8  ### THE PARTIES

9  2.    Plaintiff Donald F. Waitt is an individual and a citizen of Florida and

10  resides in Clearwater, Florida.

11  3.    Plaintiff Tyler A. Waitt is an individual and a citizen of Florida and

12  resides in Oldsmar, Florida.

13  4.    Defendant Internet Brands, Inc. ("Defendant") is a Delaware

14  corporation having its principal place of business at 909 North Sepulveda

15  Boulevard, El Segundo, California 90245-2727.

16  5.    Plaintiffs are presently unaware of the true names and identities of

17  defendants "Does 1-10" herein, but are informed and believe that persons and

18  entities in addition to the specifically named defendant herein are legally liable for

19  matters alleged in this Complaint.  Plaintiffs will seek leave to amend this

20  Complaint as appropriate to add additional specific defendants upon determining the

21  true names and identities of the "Doe" defendants.

22  ### JURISDICTION

23  6.    This court has jurisdiction pursuant to 28 U.S.C. § 1332, as this matter

24  involves a civil action between citizens of different states and an amount in

25  controversy exceeding the sum or value of $75,000.00 exclusive of interest and

26  costs.

27  7.    Defendant is subject to personal jurisdiction in this judicial district as it

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  is engaged in doing business and has its principal place of business located within

2  this judicial district.

3    8.    The parties have agreed to submit to the jurisdiction of the federal

4  courts sitting in the Central District of California relating to matters giving rise to

5  this lawsuit.

6  <u>**VENUE**</u>

7    9.    Venue is proper in this court pursuant to 28 U.S.C. § 1391 (a) as the

8  district where Defendant resides and where Defendant is subject to personal

9  jurisdiction at the time this action is commenced.

10    10.    The parties have also agreed to venue in this judicial district.

11  <u>**GENERAL ALLEGATIONS**</u>

12    11.    On information and belief, Defendant, a publicly-traded company, is in

13  the business of operating online media, community, and e-commerce sites in vertical

14  markets, which consists of groups of similar businesses and customers that engage

15  in trade based on specific and specialized needs, also known as niche markets,

16  which include categories such as automotive, career, health, shopping, traveling,

17  home, money and business.

18    12.    On information and belief, Defendant is also in the business of

19  acquiring websites.

20    13.    On May 13, 2008, Plaintiffs and Defendant entered into a written Asset

21  Purchase and Sale Agreement ("Contract").

22    14.    Pursuant to this Contract, Defendant purchased and acquired from

23  Model Mayhem LLC title to certain assets.  Plaintiffs were the holders of all of

24  Model Mayhem LLC's outstanding membership interests at the time of the Contract.

25    15.    The assets that were the subject of this Contract comprised the website

26  modelmayhem.com ("Website") and its business, including all of Model Mayhem

27  LLC's rights, title, and interest in all Website-related domain and sub-domain

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-7444-7366.1

3

1  names, URLs, software, content, customer, advertiser, email and member databases,
2  trademarks, service marks, trade names, copyrights, logos, contract rights and all
3  other intellectual property, goodwill, and technology comprising the website and its
4  business (collectively, "Purchased Assets").

5      16.    The website modelmayhem.com provided and still provides online
6  networking and electronic bulletin boards featuring information about the modeling
7  industry for users in the field of modeling including businesses connected therewith.

8      17.    In exchange for the sale and transfer of the Purchased Assets, and
9  pursuant to the express terms of Sections 1.3 and 1.4 of the Contract, Defendants
10  were and are obligated to pay contingent deferred payments to Plaintiffs. The
11  parties agreed that the amounts of these payments were to be based on the average
12  monthly website page views of modelmayhem.com, and that the number of page
13  views would be calculated based on Google Analytics Website page views tracking
14  reports.

15      18.    Specifically, Section 1.3 (c)(i) of the Contract provides:
16      2009 Contingent Deferred Payments.
17      A.    Eight Hundred Thousand Dollars ($800,000) shall be paid
18  if average monthly Website page views for calendar year
19  2009 are at least 350,000,000 (the "2009 Target Website
20  Page Views"). If the 2009 Target Website Page Views are
21  not achieved, but actual average monthly Website Page
22  Views for calendar year 2009 are at least 225,000,000 (the
23  "2009 Baseline Website Page Views"), then this portion of
24  the 2009 Contingent Deferred Payment shall be equal to
25  toe greater of (x) a fraction of $800,000, the numerator of
26  which is monthly page views for calendar year 2009 minus
27  2009 Baseline Website Page Views, and the denominator

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

28

of which is 2009 Target Website Page Views minus 2009 Baseline Page Views and (y) Two Hundred Thousand Dollars ($200,000).

    B.   Ten percent (10%) of all Website membership revenues earned and collected in calendar year 2009 in excess of Two Hundred Fifty Thousand Dollars ($250,000), net of any credits or refunds).

19.   Section 1.4 (c) of the Contract provides:

The Parties agree that for purposes of determining total Website page views for each Contingent Deferred Period set forth in Section 1.3(c), the Parties shall rely upon Google Analytics Website page views tracking reports.  Internet Brands shall continue to consistently deploy Google Analytics on the Website through December 31, 2010.

20.   Pursuant to Section 1.4 (a) of the Contract, a calculation of the 2009 contingent deferred payment and the payment to Plaintiffs were both due on or before February 15, 2010.

21.   Defendant has failed to make and refuses to make the 2009 deferred contingent payments to Plaintiffs despite Plaintiffs' multiple requests both before and after February 15, 2010.

22.   Defendant has misrepresented the calculation as set forth in the Contract and has withheld and continues to withhold the contingent deferred payments owed to Plaintiffs.

23.   Pursuant to Section 1.4(b) of the Contract, Plaintiffs timely objected to the miscalaucations and withholding of monies rightfully theirs.

### FIRST CAUSE OF ACTION
(Breach of Written Contract)

24.   Plaintiffs reallege and incorporate by reference each previous

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | paragraph as though fully set forth herein.

2 |     25.    Plaintiffs have duly performed all of the terms, covenants, and
3 | conditions of the Contract.

4 |     26.    Defendant has refused and continues to refuse to make the 2009
5 | contingent deferred payment pursuant to the Contract.

6 |     27.    Defendant has materially breached the Contract by failing to make the
7 | 2009 contingent deferred payment pursuant to the Contract.

8 |     28.    As a direct and proximate result of Defendant's material breach,
9 | Plaintiffs have suffered damages in an amount in excess of $496,000.00, in an
10 | amount to be proven at trial.

11 |

12 | **SECOND CAUSE OF ACTION**

13 | (Breach of the Implied Covenant of Good Faith and Fair Dealing)

14 |     29.    Plaintiffs reallege and incorporate by reference each previous
15 | paragraph as though fully set forth herein.

16 |     30.    Defendant has unfairly frustrated Plaintiffs' right to receive the benefits
17 | of the Contract by unreasonably and/or without proper cause withholding the 2009
18 | contingent deferred payments.

19 |     31.    Defendant repeatedly promised Plaintiffs it would pay the 2009
20 | contingent deferred payments to Plaintiffs, thereby misleading Plaintiffs to believe
21 | that payment was forthcoming.

22 |     32.    Defendant provided a progress report to Plaintiffs on November 10,
23 | 2009 relying on Google Analytics' definition of "page views" and advising
24 | Plaintiffs that for the first ten months of 2009, the modelmayhem.com website
25 | averaged "about 290,000,000" page views per month.

26 |     33.    After Plaintiffs hired counsel who demanded compliance with the
27 | Contract, Defendant unreasonably and without proper cause unilaterally changed the

28 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | method of calculating page views thereby severely and unfairly reducing the number
2 | of page views and the amount of money due Plaintiffs.

3 |     34.    In addition to the intentional miscalculation of page views, Defendant
4 | has withheld and continues to withhold any payment to Plaintiffs based on
5 | Defendant's misrepresentations of fact. Defendant's misrepresentations of fact
6 | include but are not limited to falsely claiming ignorance of facts of which Defendant
7 | had actual and/or constructive notice for the purpose of fabricating an excuse not to
8 | pay Plaintiffs.

9 |     35.    Specifically, Defendant is withholding any amount of contingent
10 | deferred payment falsely claiming for the first time on or about March 19, 2010 that
11 | when it entered into the Contract on May 13, 2008, it had no knowledge of a
12 | criminal investigation involving a modelmayhem.com visitor, and that its ignorance
13 | of this fact excuses it from its contractual obligations. Defendant's statements are
14 | false and do not constitute any grounds to excuse Defendant from its obligations.
15 | Defendant is unreasonably and without proper cause relying on these falsities to
16 | frustrate Plaintiffs' right to their contractual benefits.

17 |     36.    As a direct and proximate result of Defendant's breach of the implied
18 | covenant of good faith and fair dealing, Plaintiffs have suffered damages in excess
19 | of $496,000.00, in an amount to be proven at trial.

20 | **THIRD CAUSE OF ACTION**

21 | (Conversion)

22 |     37.    Plaintiffs reallege and incorporate by reference each previous
23 | paragraph as though fully set forth herein.

24 |     38.    Pursuant to the terms of the Contract, Defendant was obligated to make
25 | the 2009 contingent deferred payment to Plaintiffs on February 15, 2010.

26 |     39.    Defendant has withheld and continues to withhold the money due to
27 | Plaintiffs on February 15, 2010, converting such monies and funds to its own use.

28 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

40.     Defendant knowingly and intentionally continues to exercise dominion and control over at least $496,000 rightfully belonging to Plaintiffs. These monies are the sole property of Plaintiffs, and Defendants are not entitled to retain them.

41.     As a direct and proximate result of defendant's conversion, Plaintiffs have suffered damages in excess of $496,000.00, in an amount to be proven at trial.

42.     Pursuant to California *Penal Code* § 496(c), Plaintiffs are entitled to three times the amount of their actual damages plus reasonable attorneys' fees.

43.     The actions of defendant as described above were done intentionally, fraudulently, and maliciously, knowing that such conduct would damage Plaintiffs and with the intent to take unfair advantage of Plaintiffs and knowing that such conduct would, in fact, damage and harm Plaintiffs. Plaintiffs are therefore entitled to punitive and exemplary damages pursuant to California *Civil Code* Section 3294 in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (Fraud and Deceit)

44.     Plaintiffs reallege and incorporate by reference each previous paragraph as though fully set forth herein.

45.     In full consideration of the sale, assignment, and transfer of the Purchased Assets under the Contract, Defendant, through its Chief Executive Officer Robert N. Brisco, agreed to make payments to Plaintiffs, which payments included certain contingent deferred payments to be made on or before February 15, 2010 (the 2009 contingent deferred payment) and on or before February 15, 2011 (the 2010 contingent deferred payment) pursuant to the terms of the Contract.

46.     In reliance on the representations made by Defendant, Plaintiffs sold and transferred title to the Purchased Assets to Defendant.

47.     Defendant's representations were false. Defendant failed to make any payment to Plaintiffs on or before February 15, 2010. Defendant has refused and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-7444-7366.1

8

COMPLAINT AND DEMAND FOR JURY TRIAL

1 | continues to refuse to make the 2009 contingent deferred payment to Plaintiffs
2 | pursuant to the Contract.

3 |     48.    Defendant knew that these representations were false. Defendant made
4 | these representations with an intent to defraud Plaintiffs into entering into the
5 | Contract, defrauding them into selling and transferring the Purchased Assets to
6 | Defendant in exchange for the promised payments.

7 |     49.    At the time Defendant made these representations and promises,
8 | Defendant had no intention of performing them. Defendant had no intention of
9 | making the contingent deferred payments under the Contract.

10 |     50.    In addition, in its March 19, 2010 calculations, Defendant, through its
11 | representative Wendy Giberti, falsely represented in writing that 65% of the website
12 | page views of modelymayhem.com from which the 2009 contingent deferred
13 | payments were to be calculated were invalid, that Google was not able to identify
14 | what was on those pages, and that tens of millions of page views per month were not
15 | real page views. Then on March 22, 2010, Defendant, through its representative
16 | Wendy Giberti, falsely represented in writing that 75% of the page views identified
17 | by Google were not real page views. Based on these representations, Defendant
18 | claimed based on its own independent research that it was only able to identify
19 | 246,000,000 page views per month.

20 |     51.    Defendant's representations, however, are false. According to the
21 | Google Analytics reports provided by Defendant on March 29, 2010 and attached to
22 | a sworn declaration from Defendant's representative, modelmayhem.com actually
23 | received a monthly average of 290,000,000 page views.

24 |     52.    Defendant knew that these representations regarding website page
25 | views were false. Defendant made these representations with an intent to defraud
26 | Plaintiffs and induce their reliance on these falsely represented figures in calculating
27 | to their detriment the 2009 contingent deferred payment due Plaintiffs.

28 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    53.    As a direct and proximate result of Defendant's fraud and deceit,

2  Plaintiffs have suffered damages in excess of $496,000.00, in an amount to be

3  proven at trial.

4    54.    The actions of Defendant as described above were done intentionally,

5  fraudulently, and maliciously, knowing that such conduct would damage Plaintiffs

6  and with the intent to take unfair advantage of plaintiffs and knowing that such

7  conduct would, in fact, damage and harm Plaintiffs.  Plaintiffs are therefore entitled

8  to punitive and exemplary damages pursuant to California *Civil Code* Section 3294

9  in an amount to be determined at trial.

10              **FIFTH CAUSE OF ACTION**

11                (Fraudulent Inducement)

12    55.    Plaintiffs reallege and incorporate by reference each previous

13  paragraph as though fully set forth herein.

14    56.    In full consideration of the sale, assignment, and transfer of the

15  Purchased Assets under the Contract, Defendant, through its Chief Executive

16  Officer, Robert N. Brisco, agreed to make payments to Plaintiffs, which payments

17  included certain contingent deferred payments pursuant to the terms of the Contract

18  due to Plaintiffs on or before February 15, 2010.

19    57.    In reliance on the representations made by Defendant, Plaintiffs sold

20  and transferred title to the Purchased Assets to Defendant.

21    58.    Defendant's representations were in fact false.  Defendant has refused

22  and continues to refuse to make the 2009 contingent deferred payment to Plaintiffs

23  pursuant to the terms of the Contract.

24    59.    Defendant knew that these representations were false.  Defendant made

25  these representations with an intent to induce Plaintiffs into entering into the

26  Contract, inducing them into selling and transferring the Purchased Assets to

27  Defendant in exchange for the promised payments.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 60. At the time Defendant made these representations and promises,

2 Defendant had no intention of performing them. Defendant had no intention of

3 making the contingent deferred payment pursuant to the Contract.

4 61. As a direct and proximate result of Defendant's fraud and deceit,

5 Plaintiffs have suffered damages in excess of $496,000.00, in an amount to be

6 proven at trial.

7 62. The actions of Defendant as described above were done intentionally,

8 fraudulently, and maliciously, knowing that such conduct would damage Plaintiffs

9 and with the intent to take unfair advantage of Plaintiffs and knowing that such

10 conduct would, in fact, damage and harm Plaintiffs. As a result, in addition,

11 Plaintiffs are entitled to punitive and exemplary damages pursuant to California

12 *Civil Code* Section 3294 in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

(Accounting)

15 63. Plaintiffs reallege and incorporate by reference each previous

16 paragraph as though fully set forth herein.

17 64. Plaintiffs have demanded from Defendant the 2009 contingent deferred

18 payment based on calculations as specifically provided in Sections 1.3 and 1.4 of the

19 Contract.

20 65. Defendant has refused and continues to refuse to make the 2009

21 contingent deferred payment to Plaintiffs pursuant to the terms of the Contract.

22 66. Plaintiffs request an accounting of the 2009 contingent deferred

23 payment owed by Defendant pursuant to the terms of the Contract, including all

24 accrued interests.

26 WHEREFORE, Plaintiffs pray for judgment against defendant, as follows:

27 1. For damages according to proof;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

28

4839-7444-7366.1

11

COMPLAINT AND DEMAND FOR JURY TRIAL

1      2.     For compensatory damages according to proof;

2      3.     For treble damages and reasonable attorneys' fees pursuant to

3             California *Penal Code* § 496(c);

4      4.     For punitive and exemplary damages pursuant to California *Civil Code*

5             Section 3294;

6      5.     For constructive trust over all properties, funds, and/or monies

7    rightfully belonging to Plaintiffs which were converted or taken unlawfully by

8    Defendant;

9      6.     For an accounting to determine the exact amount and value of payment

10   owed to Plaintiffs pursuant to the Contract which have accrued to date, plus interest;

11     7.     For specific performance;

12     8.     For reasonable attorneys' fees and costs of suit;

13     9.     For an award of interest including prejudgment interest; and

14     10.    For any and all further relief the Court may deem just and proper.

15

16

17   DATED: April 21, 2010            Respectfully submitted,

18                                     PAULA C. GREENSPAN
                                  LEWIS BRISBOIS BISGAARD & SMITH LLP

19

20                                     By: _____

21                                       Paula C. Greenspan
                                  Attorneys for Plaintiffs Donald F. Waitt
                                  and Tyler A. Waitt

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## DEMAND FOR JURY TRIAL

2

3      Plaintiffs DONALD F. WAITT and TYLER A. WAITT hereby demand a

4   trial by jury on all issues so triable in this action.

5

6   DATED: April 21, 2010                Respectfully submitted,

7
                                         PAULA C. GREENSPAN
8                                        LEWIS BRISBOIS BISGAARD & SMITH LLP

9
                                         By:
10                                           Paula C. Greenspan
11                                           Attorneys for Plaintiffs Donald F. Waitt
                                             and Tyler A. Waitt
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-7444-7366.1                          13
                          COMPLAINT AND DEMAND FOR JURY TRIAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV10- 3006 GHK (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** 312 N. Spring St., Rm. G-8 Los Angeles, CA 90012 | [ ] **Southern Division** 411 West Fourth St., Rm. 1-053 Santa Ana, CA 92701-4516 | [ ] **Eastern Division** 3470 Twelfth St., Rm. 134 Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
PAULA C. GREENSPAN, SB# 166332
LEWIS BRISBOIS BISGAARD& SMITH LLP
221 N. Figueroa Street, Suite 1200
Los Angeles, CA 90012
(213) 250-1800

**ORIGINAL**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DONALD F. WAITT, an individual, and TYLER A. WAITT, an individual,

PLAINTIFF(S)

v.

INTERNET BRANDS, INC., a Delaware corporation, and DOES 1 thorough 10 inclusive,

DEFENDANT(S).

CASE NUMBER

# CV10 3006 GHK FMOx

## SUMMONS

TO:   DEFENDANT(S):  INTERNET BRANDS, INC.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Paula C. Greenspan, Esq.  , whose address is 221 N. Figueroa St., Suite 1200, Los Angeles, CA 90012  . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  APR 2 2 2010

By:  **CHRISTOPHER POWERS**

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br><br>DONALD F. WAITT and TYLER F. WAITT | **DEFENDANTS**<br><br>INTERNET BRANDS, INC., a Delaware corporation |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>221 North Figueroa Street, Suite 1200<br>Los Angeles, California 90012; Tel. No. (213) 250-1800 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** Over $496,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Fraud, Fraudulent Inducement, Conversion, Accounting   [28 U.S.C 1332]

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☑ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV10 3006**

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | FLORIDA (both Plaintiffs) |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   4-21-10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |