Patrick A. Fraioli (SBN 191824)
   pfraioli@ecjlaw.com
David Bricker (SBN 158896)
   dbricker@ecjlaw.com
ERVIN COHEN & JESSUP LLP
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325

Wendy E. Giberti  (SBN 268933)
   Wendy.giberti@internetbrands.com
iGeneral Counsel, P.C.
P.O. Box 475
Hermosa Beach, California 90254
Telephone: (424) 212-8718
Facsimile: (310) 280-4951

Attorneys for Defendant,
Internet Brands, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DONALD F. WAITT, an individual, and TYLER A. WAITT, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNET BRANDS, INC., a Delaware Corporation, and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. CV10-3006-GHK (JCG)<br>[Hon. George H. King, Courtroom 650]<br><br>**MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 9(b) and 12(b)(6)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**DECLARATION OF DAVID BRICKER, ESQ.**<br><br>Date:       July 26, 2010<br>Time:      9:30 a.m.<br>Crtrm:     650 |

/ / /

/ / /

/ / /

/ / /

1  **TO ALL PARTIES HEREIN AND TO THEIR COUNSEL OF RECORD:**

2        **COMES NOW** defendant, Internet Brands, Inc. ("Defendant"), and hereby
3  moves this Court for an Order dismissing plaintiffs' Third, Fourth, Fifth and Sixth
4  Causes of Action against Defendant pursuant to *Federal Rules of Civil Procedure*,
5  Rules 9(b) and 12(b)(6), on the grounds that those Causes of Action fail to state
6  claims upon which relief may be granted.

7        Defendant's Motion is based upon on the concurrently filed Notice of
8  Motion, the supporting Memorandum of Points and Authorities, the Declaration of
9  David Bricker, Esq., the pleadings, records and files in this action, and upon such
10 oral and documentary evidence as may be presented at the hearing of Defendant's
11 Motion.

12     DATED: May 28, 2010      ERVIN COHEN & JESSUP LLP

16                                 By:       /S/
17                                      David Bricker
18                                      Attorneys for Defendant,
19                                      Internet Brands, Inc.

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................. 1

II. ISSUES TO BE DECIDED BY THIS HONORABLE COURT .......................... 3

III. PLAINTIFFS' THIRD CAUSE OF ACTION FOR CONVERSIONFAILS TO STATE A CLAIM UPON WHICH RELIEFMAY BE GRANTED ................................................................................ 4

IV. PLAINTIFFS' FOURTH CAUSE OF ACTION FOR FRAUD AND DECEIT FAILS TO PLEAD AN ESSENTIAL ELEMENT OF THAT CLAIM AND FAILS TO SATISFY THE HEIGHTENED PLEADING REQUIREMENTS OF RULE 9(b) ................................................................... 5

    A.    Plaintiffs Have Failed to Plead Justifiable Reliance – An Essential Element of a Claim for Fraud ...................................................... 5

    B.    The Fourth Cause of Action fails to Plead Fraud With Specificity as Required by Rule 9(b) ............................................................ 6

V. PLAINTIFFS' RECYCLED FIFTH CAUSE OF ACTION FOR FRAUDULENT INDUCEMENT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED FOR THE SAME REASONS AS THE FOURTH CAUSE OF ACTION ..................................... 9

VI. PLAINTIFFS' SIXTH CAUSE OF ACTION FOR AN ACCOUNTING FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ........................................................................................................... 11

VII. CONCLUSION .................................................................................................. 12

# TABLE OF AUTHORITIES

Page

**Cases**

*Blake v. Dierdorff*
   (9th Cir. 1988) 856 F.2d 1365 .................................................................................... 8
*Bly-Magee v. California*
   (9th Cir. 2001) 236 F.3d 1014 .................................................................................... 2
*City of Oceanside v. Superior Court*
   (2000) 81 Cal.App.4th 269 ......................................................................................... 6
*De La Cruz v. Tormey*
   (1978) 582 F.2d 45 ................................................................................................. 2, 5
*Faivre v. Daley*
   (1892) 93 Cal. 664 ..................................................................................................... 11
*Fischer v. Machado*
   (1996) 50 Cal.App.4th 1069 ...................................................................................... 4
*Haigler v. Donnelly*
   (1941) 18 Cal.2d 674 ................................................................................................. 4
*Horn v. Los Angeles Nut House*
   (1936) 15 Cal.App.2d 22 ........................................................................................... 11
*Hunter v. Up-Right, Inc.*
   (1993) 6 Cal.4th 1174 ............................................................................................ 6, 9
*In re GlenFed, Inc. Securities Litigation*
   (9th Cir. 1994) 42 F.3d 1541 ............................................................................ 7, 8, 10
*Kritzer v. Lancaster*
   (1950) 96 Cal.App.2d 1 ............................................................................................. 11
*Lazar v. Superior Court*
   (1996) 12 Cal.4th 631 ............................................................................................ 6, 9
*Marksman Partners, L.P. v. Chantal Pharmaceutical Corp,*
   (C.D.Cal. 1996) 927 F.Supp. 1297 .......................................................................... 8
*McKell v. Washington Mutual, Inc.*
   (2006) 142 Cal.App.4th 1457 .................................................................................... 4
*McKenney v. Purepac Pharmaceutical Co.*
   (2008) 167 Cal.App.4th 72 ........................................................................................ 6
*Molko v. Holy Spirit Assn.*
   (1988) 46 Cal.3d 1092 .......................................................................................... 6, 9
*Moore v. Kayport Package Exp., Inc.,*
   (9th Cir. 1989) 885 F.2d 531 ............................................................................... 8, 10
*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*
   (2007) 150 Cal.App.4th 384 .................................................................................. 4, 5
*Scheuer v. Rhodes*
   (1974) 416 U.S. 232 ................................................................................................... 2
*Semegen v. Weidner*
   (9th Cir. 1985) 780 F.2d 727 ..................................................................................... 8
*Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*
   (1996) 49 Cal.App.4th 472 ........................................................................................ 4
*Spinks v. Clark*
   (1905) 147 Cal. 439 .................................................................................................... 6
*St. James Church of Christ Holiness v. Superior Court in and for Los Angeles*
   (1955) 135 Cal.App.2d 352 ....................................................................................... 11

*Trustees of Southern Cal Pipe Trades Health and*
  *Welfare Trust Fund v. Temecula Mechanical, Inc.*
  (C.D. Cal. 2006) 438 F.Supp.2d 1156 ................................................................. 4
*Vail v. Pacific Fish Products Co.*
  (1925) 76 Cal.App. 58 ......................................................................................11
*Vess v. Ciba-Geigy Corp. USA*
  (9th Cir. 2003) 317 F.3d 1097 ..................................................................2, 3, 7
*Vu v. California Commerce Club, Inc.*
  (1997) 58 Cal.App.4th 229................................................................................4, 5
*Walling v. Beverly Enterprises*
  (9th Cir. 1973) 476 F.2d 393 .............................................................................. 7
*Wennerholm v. Stanford Univ. Sch. of Med.*
  (1942) 20 Cal.2d 713 ......................................................................................... 6

**Other Authorities**

Torts, §703, p.p. 1026-1027 ................................................................................ 9

ERVIN COHEN & JESSUP LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs' allegations establish that this is an action purely for breach of contract. Although the Complaint is replete with conclusory allegations of fraud and malevolent conduct, it is clear that this is nothing more than a disagreement between the parties over how to calculate what amounts, if any, are owed to plaintiffs under the terms of an Asset Purchase and Sale Agreement ("Agreement") entered into between the parties on or about May 13, 2008.

Additionally, plaintiffs' factually unsupported allegations allege fraud that took place *long after the contract at issue was entered into*. Such is clearly not fraud. Rather, the parties simply disagree as to whether so-called "Contingent Deferred Payments" called for under the Agreement are due and owing and, if so, how those payments are to be calculated. The disagreement arises from and is generally limited to the proper interpretation of tracking reports and other data from *Google Analytics*. Plaintiffs' attempt to plead intentional torts must fail when, as here, the allegations themselves reveal nothing more than a simple breach of contract claim. Plaintiffs have attempted to manipulate a simple breach of contract claim into far more in a transparent effort to gain leverage. Their efforts, however, wholly fail to meet the pleading requirements imposed by *Federal Rules of Civil Procedure*, Rules 12(b) and 9(b), and their claims must, therefore, be dismissed.

Rule 12(b) provides, in pertinent part, as follows:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> * * *
>
> (6)   failure to state a claim upon which relief can be granted.

IDOCS:13379.11:1051074.1                               1
Motion to Dismiss

A Motion to Dismiss under Rule 12(b)(6) is similar to the common law general demurrer, i.e., it tests the *legal sufficiency* of the claims stated in the Complaint. "The issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *Scheuer v. Rhodes* (1974) 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90. In considering a Motion to Dismiss brought under Rule 12(b)(6), the court's duty is to, "determine whether or not it appears…under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiffs' claims." *De La Cruz v. Tormey* (1978) 582 F.2d 45, 48.

Rule 9(b) provides as follows:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

When a claim is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of *Federal Rules of Civil Procedure*, Rule 9(b), a district court must dismiss the claim: "We recognize that there is no explicit basis in the text of the federal rules for a dismissal of a complaint for failure to satisfy Rule 9(b), but it is established law in this and other circuits that such dismissals are appropriate." *Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097, 1107; *Bly-Magee v. California* (9th Cir. 2001) 236 F.3d 1014, 1019 ["[T]he complete absence of particularity in [the] first amended complaint fails to satisfy Rule 9(b). We therefore affirm the district court's dismissal...."].

A Motion to Dismiss a claim "grounded in fraud" under Rule 9(b) for failure to plead with particularity is the functional equivalent of a Motion to Dismiss under Rule 12(b)(6) for failure to state a claim. "If insufficiently pled averments of fraud are disregarded, as they must be, in a complaint or claim grounded in fraud, there is effectively nothing left of the complaint. In that event, a motion to dismiss under

1  Rule 12(b)(6) would obviously be granted. Because a dismissal of a complaint or
2  claim grounded in fraud for failure to comply with Rule 9(b) has the same
3  consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are
4  treated in the same manner." *Vess*, supra, at p. 1108.

5      Plaintiffs' Third, Fourth, Fifth and Sixth Causes of Action are fatally
6  defective. The Third Cause of Action for Conversion asserts a claim not recognized
7  under California law and therefore fails to state a claim upon which relief may be
8  granted. The Fourth and Fifth Causes of Action for Fraud and Deceit and
9  Fraudulent Inducement, respectively, fail to plead the required *elements* of fraud as
10 required by California law and, therefore, fail to state claims upon which relief may
11 be granted. Further, the Fourth and Fifth Causes of Action fail to plead the
12 particularized *circumstances* constituting fraud as required by *Federal Rules of Civil*
13 *Procedure*, Rule 9(b), and must, therefore, be dismissed. The Sixth Cause of Action
14 for an Accounting seeks relief not available under California law and, therefore, it
15 fails to state a claim upon which relief may be granted.

16     As "no relief can be granted under any set of facts that might be proved in
17 support of plaintiffs' claims" as pleaded, these Causes of Action must be dismissed
18 pursuant to Rules 9(b) and 12(b)(6).

## II.

## ISSUES TO BE DECIDED BY THIS HONORABLE COURT

21     The issues presented by this Motion are whether plaintiffs' Third, Fourth,
22 Fifth and Sixth Causes of Action should be dismissed pursuant to Federal Rules of
23 Civil Procedure, Rules 9(b) and 12(b)(6).
24 ///
25 ///
26 ///
27 ///
28 ///

IDOCS:13379.11:1051074.1    3
Motion to Dismiss

## III.

## PLAINTIFFS' THIRD CAUSE OF ACTION FOR CONVERSIONFAILS TO STATE A CLAIM UPON WHICH RELIEFMAY BE GRANTED

In California, a cause of action for conversion requires allegations of a plaintiff's ownership or right to possession of property, a defendant's wrongful act toward or disposition of the property which interferes with plaintiff's possession and damage to the plaintiff. However, it is well settled under California law that "[m]oney cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment." *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP* (2007) 150 Cal.App.4th 384, 396-397, 58 Cal.Rptr.3d 516; see, also, *Trustees of Southern Cal Pipe Trades Health and Welfare Trust Fund v. Temecula Mechanical, Inc.* (C.D. Cal. 2006) 438 F.Supp.2d 1156; *McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1491, 49 Cal.Rptr.3d 227; *Haigler v. Donnelly* (1941) 18 Cal.2d 674, 681, 117 P.2d 331; *Fischer v. Machado* (1996) 50 Cal.App.4th 1069, 1072-1074, 58 Cal.Rptr.2d 213 [sales agent liable for conversion of proceeds from consignment sale of farm products]; *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.* (1996) 49 Cal.App.4th 472, 485, 56 Cal.Rptr.2d 756 ["money cannot be the subject of a conversion action unless a specific sum capable of identification is involved"].

It is well-established that a "generalized" claim for money is not actionable as conversion. *Vu v. California Commerce Club, Inc.* (1997) 58 Cal.App.4th 229, 235, 68 Cal.Rptr.2d 31; 5 Witkin, Summary of California Law (10th ed. 2005), Torts, §703, p.p. 1026-1027. Actions for the conversion of money are not permitted when the amount of money involved is not a definite sum. *Vu*, supra, at p. 235; *Software Design*, supra, p. 485 [no conversion where money was allegedly misappropriated "over time, in various sums, without any indication that it was held in trust for" plaintiff]; see, also, *Trustees of So. Cal. Pipe*, supra, at p.p. 1171-1172. For

1  example, in *Vu,* supra, the court affirmed an order granting summary judgment on a
2  conversion claim against two gamblers who lost "approximately $1.4 million" and
3  "approximately $120,000" at a card club due to alleged cheating. *Vu,* supra, at p.p.
4  231-232. The court held that, "neither by pleading nor responsive proof did
5  plaintiffs identify any specific, identifiable sums that the club took from them. That
6  rendered the generalized claim for money not actionable as conversion." *Vu,* supra,
7  at p. 235.
8      Here, in their Third Cause of Action, plaintiffs allege that "Defendant
9  knowingly and intentionally continues to exercise dominion and control over "**at
10 least** $496,000" and that "As a direct and proximate result of defendant's
11 conversion, Plaintiffs have suffered damages **in excess** of $496,000." [Emphasis
12 added]. Complaint, ¶¶ 40, 41. Such allegations are insufficient to sustain a cause of
13 action for conversion of money as they fail to identify a specific sum of money
14 involved. Claims for money alleging "at least" or "about" are simply too indefinite
15 to permit claims for the conversion of money to be maintained. *PCO,* supra, at p.
16 397. As plaintiffs have pleaded only a "generalized claim for money," their claim is
17 not actionable as conversion and their Third Cause of Action must be dismissed for
18 failing to state a claim upon which relief may be granted. *Vu,* supra, at p. 235; *De
19 La Cruz*, supra, at p. 48.

## IV.

## PLAINTIFFS' FOURTH CAUSE OF ACTION FOR FRAUD AND DECEIT FAILS TO PLEAD AN ESSENTIAL ELEMENT OF THAT CLAIM AND FAILS TO SATISFY THE HEIGHTENED PLEADING REQUIREMENTS OF RULE 9(b)

### A.  Plaintiffs Have Failed to Plead Justifiable Reliance – An Essential Element of a Claim for Fraud

27  In California, the elements of intentional misrepresentation or actual fraud,
28 are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2)

IDOCS:13379.11:1051074.1                5
Motion to Dismiss

knowledge of falsity; (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377; *Hunter v. Up-Right, Inc.* (1993) 6 Cal.4th 1174, 1184, 26 Cal.Rptr.2d 8, 864 P.2d 88; *Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1108, 252 Cal.Rptr. 122, 762 P.2d 46 (*superseded by statute* on other grounds as stated in *City of Oceanside v. Superior Court* (2000) 81 Cal.App.4th 269, 96 Cal.Rptr.2d 621). Here, plaintiffs have failed to set forth *any* factual allegations which allege the fourth element of their Fourth Cause of Action, i.e., justifiable reliance.

Justifiable reliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which alters his legal relations, and when without such misrepresentation or nondisclosure he would not, in all reasonable probability, have entered into the contract or other transaction. *Wennerholm v. Stanford Univ. Sch. of Med.* (1942) 20 Cal.2d 713, 717, 128 P.2d 522; *Spinks v. Clark* (1905) 147 Cal. 439, 444, 82 P. 45. "The absence of any allegation essential to a cause of action renders it vulnerable to a general demurrer." *McKenney v. Purepac Pharmaceutical Co.* (2008) 167 Cal.App.4th 72, 77, 83 Cal.Rptr.3d 810. Paragraphs 50 – 53 contain allegations of allegedly false statements made after the contract was entered into. Plaintiffs contend that Defendant made such statement knowing "they were false" and with "an intent to defraud." Nowhere, however, is it ever alleged that plaintiffs relied on these statements or that their reliance was in any way justified. Absent any factual allegations that establish justifiable reliance, the Fourth Cause of Action must be dismissed as it fails to set forth facts upon which relief may be granted.

    B.    **The Fourth Cause of Action fails to Plead Fraud With Specificity as Required by Rule 9(b)**

Even assuming that the *elements* of fraud are sufficiently pleaded for purposes of California law, the plaintiffs' allegations as to the *circumstances* of the alleged fraud are inadequate as they are nothing more than "mere conclusory allegations"

1  and are, therefore, insufficient to satisfy the heightened pleading requirements
2  imposed by Rule 9(b).  *Moore*, supra, at p. 540.  The plaintiffs' sole allegation of
3  fraud is found in ¶¶ 45 and 47 of the Complaint where it is alleged that defendant
4  "agreed to make certain payments to plaintiff" and that those "representations were
5  false."  Such allegations are clearly inadequate as they fail to set forth what is false
6  or misleading about the alleged statement and why it was false.  Well-established
7  law requires plaintiffs to set forth an explanation as to why the statement or
8  omission complained of was false or misleading, something plaintiffs have failed to
9  do.  *In re GlenFed*, supra, at p. 1548.  As such, the allegations as set forth in the
10 Fourth Cause of Action fail to satisfy the "particularity of circumstances"
11 requirement imposed by Rule 9(b).  The complete absence of particularity in the
12 plaintiffs' claims fails to satisfy Rule 9(b) and the claim must, therefore, be
13 dismissed.
14         Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with
15 particularity *the circumstances* constituting fraud or mistake."  [Emphasis added].
16 In diversity cases, the federal courts look to state law to determine whether the
17 elements of fraud have been pled sufficiently to state a cause of action.  However,
18 the Rule 9(b) requirement that the *circumstances* of the fraud be stated with
19 particularity is a federally imposed rule.  *Vess*, supra, at p. 1103.  [Emphasis in
20 original].  ["It is established law, in this circuit and elsewhere, that Rule 9(b)'s
21 particularity requirement applies to state-law causes of action"].  To satisfy the
22 particularity of circumstances requirement, statements of the time, place and nature
23 of the alleged fraudulent activities must be stated other than in mere conclusory
24 allegations.  *Vess*, supra, at p. 1107; see, also, *Walling v. Beverly Enterprises* (9th
25 Cir. 1973) 476 F.2d 393, 397.  Rule 9(b) requires particularized allegations of the
26 *circumstances* constituting fraud.  The time, place, and content of an alleged
27 misrepresentation may identify the statement or the omission complained of, but
28 these circumstances do not "constitute" fraud.  *In re GlenFed, Inc. Securities*

1  *Litigation* (9th Cir. 1994) 42 F.3d 1541, 1547-1548 (*superseded by statute* on other
2  grounds as stated in *Marksman Partners, L.P. v. Chantal Pharmaceutical Corp*,
3  (C.D.Cal. 1996) 927 F.Supp. 1297).  Accordingly, the cases interpreting Rule 9(b)
4  have consistently required that the specific *circumstances* indicating falseness be set
5  forth.

6  For example, in *Moore v. Kayport Package Exp., Inc.*, (9th Cir. 1989) 885
7  F.2d 531, the court observed that a plaintiff must include statements regarding the
8  time, place, and nature of the alleged fraudulent activities and, more importantly,
9  that "mere conclusory allegations of fraud are insufficient." *Moore*, supra, at p. 540.
10 Similarly, in *Semegen v. Weidner*, (9th Cir. 1985) 780 F.2d 727, the court held that it
11 was insufficient to "set forth conclusory allegations of fraud...punctuated by a
12 handful of neutral facts." *Semegen*, supra, at p. 731.  Likewise, in *Blake v.
13 Dierdorff*, (9th Cir. 1988) 856 F.2d 1365, the court required the plaintiffs to set forth
14 "specific descriptions of the representations made, [and] the reasons for their
15 falsity." *Blake*, supra, at p. 1369.

16 In order to allege fraud with the particularity required by Rule 9(b), a plaintiff
17 must set forth more than just the neutral facts necessary to identify the transaction.

18 The plaintiff must set forth what is false or misleading about a statement and
19 why it is false.  In other words, the plaintiff must set forth an explanation as to why
20 the statement or omission complained of was false or misleading:

21 A plaintiff might do less and still identify the statement
22 complained of; indeed, the plaintiff might do less and still
23 set forth some of the circumstances of the fraud.  But the
24 plaintiff cannot do anything less and still comply with
25 Rule 9(b)'s mandate to set forth with particularity those
26 circumstances which constitute the fraud.

27 *In re GlenFed*, supra, at p. 1548.

28

IDOCS:13379.11:1051074.1                     8
Motion to Dismiss

Additionally, at ¶ 50 of the Complaint, plaintiffs attempt to allege fraudulent conduct on the part of Defendant in and about *March, 2010*. The absurdity of such a position is as clear. The contract at issue was entered into by plaintiffs' own admission on or about *March 13, 2008*. Complaint, ¶13. Given the required elements of the fraud cause of action under California law, including an intent to induce reliance and justifiable reliance, it is clear that such allegations, which address events occurring two years after the parties entered into the contract at issue, are entirely insufficient to sustain the Fourth Cause of Action and, accordingly, it must be dismissed as it fails to state a claim upon which relief may be granted.

## V.

## PLAINTIFFS' RECYCLED FIFTH CAUSE OF ACTION FOR FRAUDULENT INDUCEMENT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED FOR THE SAME REASONS AS THE FOURTH CAUSE OF ACTION

For the same reasons discussed in Section IV., above, plaintiffs' Fifth Cause of Action for Fraudulent Inducement must by dismissed as it fails to state a claim upon which relief may be granted. As discussed, the elements of fraud, which give rise to the tort action for deceit, are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377; *Hunter v. Up-Right, Inc.* (1993) 6 Cal.4th 1174, 1184, 26 Cal.Rptr.2d 8, 864 P.2d 88; *Molko*, supra, at p. 1108. Here, plaintiffs have entirely failed to plead that their alleged reliance was justified. Such factual allegations are a necessary element which must pleaded in order to establish their Cause of Action. Absent such allegations, the Fifth Cause of Action is insufficient under applicable California law and it must, therefore, be dismissed as it fails to set forth facts upon which relief may be granted.

| | |
|---|---|
| 1 | Moreover, the allegation of paragraph 56, that "in full consideration of the |
| 2 | sale, assignment and transfer of the Purchased Assets under the contract, |
| 3 | Defendants' [CEO] agreed to make payments to Plaintiffs" is an element of a Cause |
| 4 | of Action for Breach of Contract, not Fraud.  Such allegations establish only that the |
| 5 | parties agreed to a contract and that consideration was exchanged, not that anyone |
| 6 | misrepresented, concealed or failed to disclose a known fact upon which the other |
| 7 | relied in deciding whether to enter into the contract.  This is a classic example of a |
| 8 | Plaintiff trying to gain "leverage" by turning contract claims into intentional torts so |
| 9 | they can allege punitive damages. Such should not be condoned. |
| 10 | Further, even assuming that the elements of fraudulent inducement are |
| 11 | sufficiently pleaded for purposes of California law, the plaintiffs' allegations are |
| 12 | woefully inadequate as they are nothing more than "mere conclusory allegations of |
| 13 | fraud" and they are, therefore, insufficient to satisfy the requirements imposed by |
| 14 | Rule 9(b). *Moore*, supra, at p. 540.  The plaintiffs' sole allegation of |
| 15 | misrepresentation is set forth in ¶¶ 56 and 58 of the Complaint where it is alleged |
| 16 | that defendant "agreed to make certain payments to plaintiff" and that those |
| 17 | "representations were false."  Such allegations are clearly inadequate as they fail to |
| 18 | set forth what is false or misleading about the alleged statement and why it was |
| 19 | false.  Well-established law requires plaintiffs to set forth an explanation as to why |
| 20 | the statement or omission complained of was false or misleading, something they |
| 21 | have failed to do. *In re GlenFed*, supra, at p. 1548.  As such, the allegations as set |
| 22 | forth in the Fifth Cause of Action fail to satisfy the "particularity of circumstances" |
| 23 | requirement imposed by Rule 9(b) and, accordingly, the Fifth Cause of Action must |
| 24 | be dismissed. |
| 25 | / / / |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

# VI.

## PLAINTIFFS' SIXTH CAUSE OF ACTION FOR AN ACCOUNTING FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Under applicable California law, if an action is for an amount which is unliquidated and unascertained and which cannot be determined without an accounting, it is a suit in equity and an accounting is warranted. *Kritzer v. Lancaster* (1950) 96 Cal.App.2d 1, 6, 214 P.2d 407; *Vail v. Pacific Fish Products Co.* (1925) 76 Cal.App. 58, 78, 243 P. 869. However, if, as here, a complaint sets forth all the facts necessary for the calculation of an account between the parties, recovery may be had in an action at law, and an accounting is neither warranted or appropriate. *Faivre v. Daley* (1892) 93 Cal. 664, 673, 29 P. 256; *Horn v. Los Angeles Nut House* (1936) 15 Cal.App.2d 22, 26, 58 P.2d 1299. A "complaint does not state a cause of action for an accounting where it shows on its face that none is necessary; i.e., *where the plaintiff alleges a right to recover a sum certain or a sum that can be made certain by calculation.*" [Emphasis added]. *St. James Church of Christ Holiness v. Superior Court in and for Los Angeles* (1955) 135 Cal.App.2d 352, 359, 287 P.2d 387.

Here, the very allegations of plaintiffs' Complaint defeat their Sixth Cause of Action for an Accounting. Specifically, at ¶ 64, plaintiffs allege that they, "have demanded from Defendant the 2009 contingent deferred payment *based upon calculations as specifically provided in Sections 1.3 and 1.4 of the Contract.*" [Emphasis added]. As the plaintiffs have expressly alleged a right to recover *a sum that can be made certain by calculation*, they are not entitled to an accounting and their Sixth Cause of Action must be dismissed as it fails to state a claim upon which relief may be granted. *St. James*, supra, at p. 359.

/ / /

/ / /

/ / /

## VII.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the Court grant the instant Motion and dismiss plaintiffs' Third, Fourth, Fifth and Sixth Causes of Action pursuant to Rule 12(b)(6) as those Causes of Action fail to state a claims upon which relief may be granted.

DATED: May 28, 2010          ERVIN COHEN & JESSUP LLP


By: _____/S/_____
         David Bricker
         Attorneys for Defendant,
         Internet Brands, Inc.

## DECLARATION OF DAVID BRICKER, ESQ.

I, David Bricker, hereby declare as follows:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and am a member of Ervin Cohen & Jessup, LLP, attorneys of record for Defendant, Internet Brands, Inc. The foregoing and hereafter stated facts are within my personal knowledge and, if called as a witness in this matter, I could and would competently testify thereto.

2. On May 24, 2010, I contacted Paula C. Greenspan, Esq., counsel for plaintiffs herein.

3. I advised Ms. Greenspan that Defendant would bring the instant Motion to Dismiss on the grounds set forth herein.

4. Ms. Greenspan and I discussed the issues raised by Defendant's Motion but were able to come to any agreement which would have obviated the need for the instant Motion.

5. Ms. Greenspan and I subsequently exchanged emails summarizing our respective positions. Despite our good faith efforts, Ms. Greenspan and I have been unable to reach an informal resolution of the issues set forth herein.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 28th day of May, 2010, at Beverly Hills, California.

_____
David Bricker

**PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                        )  ss:
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 9401 Wilshire Boulevard, Beverly Hills, California 90212-2974.

On May 28, 2010, I served the document described as **MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 9(b) and 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DAVID BRICKER, ESQ.** on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[X]   BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

> Paula C. Greenspan, Esq.
> Josephine A. Brosas, Esq.
> LEWIS BRISBOIS BISGAARD & SMITH LLP
> 221 North Figueroa Street, Suite 1200
> Los Angeles, CA 90012
> Telephone:  213.250.1800
> Facsimile:   213.250.7900

[ ]   BY NEXT-DAY DELIVERY: Via Overnite Express. I am readily familiar with my employer's practice for the collection and processing of correspondence via Overnite Express. In the ordinary course of business, this correspondence would be picked up by Overnite Express on that same day.

[ ]   BY FACSIMILE: I caused such document to be sent via facsimile to the names and facsimile numbers listed above and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

[x]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on May 28, 2010 at Beverly Hills, California.

                                      /s/ J Michael Johnston
                                      J Michael Johnston

IDOCS:13379.11:1053533.1