1    Patrick A. Fraioli (SBN 191824)
       pfraioli@ecjlaw.com
2    David Bricker (SBN 158896)
       dbricker@ecjlaw.com
3    **ERVIN COHEN & JESSUP LLP**
     9401 Wilshire Boulevard, Ninth Floor
4    Beverly Hills, California 90212-2974
     Telephone  (310) 273-6333
5    Facsimile  (310) 859-2325

6    Wendy E. Giberti  (SBN 268933)
     iGeneral Counsel, P.C.
7    P.O. Box 475
     Hermosa Beach, California 90254
8    Telephone: (424) 212-8718
     Facsimile: (310) 280-4951

9
     Attorneys for Defendant,
10   Internet Brands, Inc.

11            **UNITED STATES DISTRICT COURT**

12   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

13

14   DONALD F. WAITT, an individual, and ) CASE NO. CV10-3006-GHK (JCG)
     TYLER A. WAITT, an individual,       ) [Hon. George H. King, Courtroom 650]
15                                        )
                  Plaintiffs,             ) **MOTION TO STRIKE PURSUANT**
16                                        ) **TO FEDERAL RULES OF CIVIL**
                                          ) **PROCEDURE, RULE 12(f)**
17            v.                          )
                                          ) **MEMORANDUM OF POINTS AND**
18   INTERNET BRANDS, INC., a Delaware )   **AUTHORITIES IN SUPPORT**
     Corporation, and DOES 1 through 10  ) **THEREOF**
19   inclusive,                          )
                                          ) **DECLARATION OF DAVID**
20                Defendants.            ) **BRICKER, ESQ.**
                                          )
21                                        )
                                          ) **Date:        July 26, 2010**
22                                        ) **Time:        9:30 a.m.**
                                          ) **Crtrm:       650**
23   _____ )

24   **TO ALL PARTIES HEREIN AND TO THEIR COUNSEL OF RECORD:**

25        **COMES NOW** defendant, Internet Brands, Inc. ("Defendant"), and hereby

26   moves this Court for an Order striking the following matters from Plaintiff's

27   Complaint: Paragraphs 42, 43, 54 and 62 of the Complaint as well as Items 3, 4, 5

28   and 7 of the plaintiffs' prayer for relief.

ERVIN COHEN & JESSUP LLP

IDOCS:13379.11:1052149.1

Defendant's Motion is based upon on the concurrently filed Notice of Motion, the supporting Memorandum of Points and Authorities, the Declaration of David Bricker, Esq., the pleadings, records and files in this action, and upon such oral and documentary evidence as may be presented at the hearing of Defendant's Motion.

DATED: May 28, 2010          ERVIN COHEN & JESSUP LLP

By: _____/S/_____
        David Bricker
        Attorneys for Defendant,
        Internet Brands, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

*Federal Rules of Civil Procedure*, Rule 12(f), provides, in pertinent part, as follows:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Rule 12(f) provides that a court may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter. "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Sidney-Vinstein v. A.H. Robins Co.* (9th Cir. 1983) 697 F.2d 880, 885. A Motion to Strike is the primary method of reaching defects or objections to a pleading that cannot be addressed by a Motion to Dismiss. While it can be used to attack an entire pleading, it is more often used to attack portions thereof, even single words or phrases. *Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F.2d 1524, 1527, reversed on other grounds in *Fantasy, Inc. v. Fogerty* (1994) 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455.

In the present matter, plaintiffs' contention that they are entitled to "treble damages" pursuant to Section 496(c) of the *California Penal Code* is immaterial and improper and should be stricken. Similarly, plaintiffs' claims and allegations as to

///

///

ERVIN COHEN & JESSUP LLP

the issue of punitive damages are unsupported and improper under applicable California law.  As such, the court may and should strike such matters under Rule 12(f).

## II.

### ISSUES TO BE DECIDED BY THIS HONORABLE COURT

The issues presented by this Motion are whether the Court should strike certain matters set forth in plaintiffs' Complaint.

## III.

### PLAINTIFF'S CLAIMS UNDER THE *CALIFORNIA PENAL CODE* ARE IMMATERIAL AND SCANDALOUS AND SHOULD BE STRICKEN

In their Complaint, plaintiffs twice allege that they are entitled to treble damages and attorney's fees pursuant to *California Penal Code*, Section 496(c).[1] That Section, however has no bearing upon the issues in this *breach of contract* action and may not be relied upon to support such claims.

*California Penal Code*, Section 496 provides, in pertinent part, as follows:

(a) Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a state prison, or in a county jail for not more than one year….

\* \* \*

///

---

[1]Complaint, p. 8:6-7 ["Pursuant to California *Penal Code* § 496(c), Plaintiffs are entitled to three times the amount of their actual damages plus reasonable attorneys' fees"], and p. 12:2-3 ["3. For treble damages and reasonable attorneys' fees pursuant to California *Penal Code* § 496(c)"].

ERVIN COHEN & JESSUP LLP

1       (c)  Any  person  who  has  been  injured  by  a  violation  of

2       subdivision (a) or (b) may bring an action for three times the amount

3       of actual damages, if any, sustained by the plaintiff, costs of suit,

4       and reasonable attorney's fees.[2]

5       Section 496(a) proscribes the crimes of receiving, concealing and selling

6   stolen property and Section 496(c) creates a private right of action for victims of

7   such crimes.  *People v. Grant* (2003) 113 Cal.App.4th 579, 595, 6 Cal.Rptr.3d 560.

8   The Legislative intent behind Section 496 was to eliminate, "markets for stolen

9   property in order to substantially reduce the incentive to hijack cargo from common

10  carriers."  Citiz*ens of Humanity, LLC v. Costco Wholesale Corp.* (2009) 171

11  Cal.App.4th 1, 18, 89 Cal.Rptr.3d 455.  The class of plaintiffs envisioned by the

12  Legislature in enacting Section 496(c) was those persons injured by the knowing

13  purchase, receipt, concealment or withholding of stolen property:  "[I]t is apparent

14  that the statute, as enacted, broadly allows anyone injured *by the sale of knowingly*

15  *stolen property to bring a civil action against the seller*, in order to reduce thefts by

16  eliminating the market for stolen goods."  *Citizens of Humanity*, supra, at p. 18.

17      Here, the Complaint contains no allegations that Defendant has knowingly

18  purchased, received, concealed or withheld *stolen property* belonging to plaintiffs.

19  In fact, the gravamen of the Complaint is a business dispute where plaintiffs allege

20  they are entitled to certain payments pursuant to the Asset Purchase and Sale

21  Agreement entered into between the parties on or about May 13, 2008, and the

22  Complaint is devoid of any allegation that Defendant has knowingly purchased,

23  received, concealed or withheld of stolen property.  In fact, there are no allegations

24  of criminal conduct at all.  To suggest otherwise is "scandalous" as it casts an

---

[2]*California Penal Code*, Section 496(b), addresses the purchase or receipt of stolen property by a "swap meet vendor" as that term is defined by *California Business and Professions Code*, Section 21661.  Clearly, all other issues aside, there is no contention that Defendant is a "swap meet vendor" and the provisions of Section 496(b) are clearly inapplicable.

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1  unnecessarily derogative light on Defendant through claims and allegations wholly

2  irrelevant to this matter.  *Skadegaard v. Farrell* (N.D.N.J. 1984) 578 F.Supp. 1208,

3  1221.  Given that such claims have no relevance, they are immaterial and the Court

4  should grant Defendant's Motion to Strike Paragraph 42 of the Complaint and Item

5  3 of the prayer for relief.

### IV.

### PLAINTIFFS HAVE FAILED TO ALLEGE ANY FACTS WHICH WOULD SUPPORT THEIR ALLEGED ENTITLEMENT TO PUNITIVE DAMAGES

10  As set forth in the concurrently filed Motion to Dismiss, plaintiffs have failed

11  to state claims upon which relief may be granted in their Causes of Action for

12  Conversion, Fraud and Deceit and Fraudulent Inducement, among others.  Plaintiffs

13  have made absolutely no effort to allege any specific facts, times, places or the

14  nature of the alleged conduct which forms the basis of their Conversion and Fraud

15  claims and those same deficiencies bar their claims for punitive damages.

16  To support a claim for punitive damages, a plaintiff must plead ultimate facts

17  from which it can be reasonably inferred that the defendant acted with malice,

18  oppression or fraud against plaintiff within the meaning of *California Civil Code*,

19  Section 3294.  *Lento v. Underground Constr. Co*. (1977) 69 Cal.App.3d 933, 944;

20  *Cyrus v. Have son* (1976) 65 Cal.App.3d 306, 316-317.  Well settled California law

21  establishes that a "conclusory characterization of defendant's conduct as intentional,

22  willful and fraudulent is a patently insufficient statement of 'oppression, fraud, or

23  malice, express or implied,' within the meaning of Section 3294." *Rousseau v.*

24  *Jarrett* (1997) 73 Cal.App.3d 864, 872.  Similarly, "[t]he use of the words

25  wrongfully, willfully and maliciously adds nothing to the pleading except to convey

26  a sense of outrage on the part of the [plaintiff]." *Marin v. Jacuzzi* (1964) 224

27  Cal.App.2d 549, 552; see, also, *Began v. Superior Court* (1981) 125 Cal.App.3d

28  959, 963 ["Pleading in the language of [Civil Code §3294] is acceptable provided

ERVIN COHEN & JESSUP LLP

1    that sufficient facts are pleaded to support the allegations.  The terms themselves are

2    conclusory, however"].  Conclusions made in a pleading are properly subject to a

3    motion to strike.  *Smithson v. Sparer* (1932) 123 Cal. App. 225, 232.

4         Here, plaintiffs have failed to allege the circumstances upon which their

5    Causes of Action arose much less ultimate facts that would support a claim for

6    punitive damages.  Rather, plaintiffs' allegations constitute nothing more than "a

7    conclusory characterization of Defendant's conduct as intentional, willful and

8    fraudulent" wholly insufficient to establish a right to recover punitive damages.  For

9    these reasons, the Court should grant Defendant's Motion and strike the paragraphs

10   43, 54 and 62 of the Complaint as well as item 4 from the prayer for relief.

**V.**

**PLAINTIFFS HAVE FAILED TO PLEASE A CAUSE OF ACTION**

**FOR CONSTRUCTIVE TRUST AND THEIR PRAYER**

**FOR SUCH MUST BE STRICKEN**

15   *California Civil Code*, Section 2224, provides as follows:

16        One who gains a thing by fraud, accident, mistake, undue influence,

17        the violation of a trust, or other wrongful act, is, unless he or she has

18        some other and better right thereto, an involuntary trustee of the

19        thing gained, for the benefit of the person who would otherwise have

20        had it.

21   Section 2224 creates a separate cause of action under California law: "The elements

22   of a *cause of action* under this section are three: the existence of a thing, plaintiff's

23   right to the thing, and defendant's gain of that thing by fraud…."  [Emphasis added].

24   *Cramer v. Bedizen* (1968) 257 Cal.App.2d 720, 724, 65 Cal.Rptr. 624.

25        Notably missing from plaintiffs' Complaint is any *Cause of Action* seeking

26   imposition of a constructive trust.  As no right to a constructive trust is pleaded, it is

27   ///

28   ///

1  axiomatic that a prayer for such relief is improper.  Accordingly, given the failure to

2  plead a cause of action under Section 2224, the Court should grant Defendant's

3  Motion and strike Item 5 from the prayer for relief.

4       Further, as set forth in the concurrently filed Motion to Dismiss, plaintiffs

5  have failed to state claims upon which relief may be granted in their Causes of

6  Action for, among others and without limitation, Conversion and Fraud.  Although

7  conversion and fraud, if proven, *might* give rise to the remedy of a constructive

8  trust, plaintiffs' failure to adequately plead such claims wholly defeats their prayer

9  for such relief.  Accordingly, the Court should grant Defendant's Motion and strike

10  Item 5 from the prayer for relief.

**VI.**

**CONCLUSION**

13       Based upon the foregoing, it is respectfully requested that the Court grant the

14  instant Motion and strike Paragraphs 42, 43, 54 and 62 of the Complaint as well as

15  Items 3, 4, 5 and 7 of the plaintiffs' prayer for relief.

16  DATED: May 28, 2010       ERVIN COHEN & JESSUP LLP

By: _____/S/_____

David Bricker
Attorneys for Defendant,
Internet Brands, Inc.

ERVIN COHEN & JESSUP LLP

## DECLARATION OF DAVID BRICKER, ESQ.

I, David Bricker, hereby declare as follows:

1.    I am an attorney at law duly licensed to practice before all of the courts of the State of California and am a member of Ervin Cohen & Jessup, LLP, attorneys of record for Defendant, Internet Brands, Inc.  The foregoing and hereafter stated facts are within my personal knowledge and, if called as a witness in this matter, I could and would competently testify thereto.

2.    On May 24, 2010, I contacted Paula C. Greenspan, Esq., counsel for plaintiffs herein.

3.    I advised Ms. Greenspan that Defendant would bring the instant Motion to Dismiss on the grounds set forth herein.

4.    Ms. Greenspan and I discussed the issues raised by Defendant's Motion but were able to come to any agreement which would have obviated the need for the instant Motion.

5.    Ms. Greenspan and I subsequently exchanged emails summarizing our respective positions.  Despite our good faith efforts, Ms. Greenspan and I have been unable to reach an informal resolution of the issues set forth herein.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 28th day of May, 2010, at Beverly Hills, California.

_____
David Bricker

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                           )    ss:
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) years and not a party to the within action.  My business address is 9401 Wilshire Boulevard, Beverly Hills, California 90212-2974.

On May 28, 2010, I served the document described as **MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DAVID BRICKER, ESQ.** on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[X]    BY MAIL:  By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service.  I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

Paula C. Greenspan, Esq.
Josephine A. Brosas, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012
Telephone:  213.250.1800
Facsimile:   213.250.7900

[  ]    BY NEXT-DAY DELIVERY:  Via Overnite Express.  I am readily familiar with my employer's practice for the collection and processing of correspondence via Overnite Express.  In the ordinary course of business, this correspondence would be picked up by Overnite Express on that same day.

[  ]    BY FACSIMILE:  I caused such document to be sent via facsimile to the names and facsimile numbers listed above and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

[  ]    (STATE) I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

[X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on May 28, 2010 at Beverly Hills, California.

_/s/ J Michael Johnston_____
J Michael Johnston

ERVIN COHEN & JESSUP LLP

IDOCS:13379.11:1053533.1