1  PAULA C. GREENSPAN, SB# 166332
     E-Mail: greenspan@lbbslaw.com
2  JOSEPHINE A. BROSAS, SB# 239342
     E-Mail: brosas@lbbslaw.com
3  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
4  221 North Figueroa Street, Suite 1200
5  Los Angeles, California 90012
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

8  Attorneys for Plaintiffs Donald F. Waitt
9  and Tyler A. Waitt

10              UNITED STATES DISTRICT COURT
11         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| DONALD F. WAITT, an individual, and TYLER A. WAITT, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNET BRANDS, INC., a Delaware corporation, and DOES 1 thorough 10 inclusive,<br><br>Defendants. | CASE NO. CV 10-3006-GHK (JCGx)<br><br>The Hon. George H. King<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT INTERNET BRANDS, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULES 9(b) and 12(b)(6)**<br><br>**Hearing:**<br>Date: Monday, July 26, 2010<br>Time: 9:30 a.m.<br>Courtroom: 650<br><br>Action Filed: April 22, 2010 |
|---|---|

4813-3646-5670.1

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................... 2

II. RELEVANT PROCEDURAL HISTORY ...................................................... 3

III. STANDARD OF REVIEW ............................................................................. 4

IV. ARGUMENT ................................................................................................... 5

    A.    Plaintiffs' Third Cause of Action for Conversion Is Properly Pled. ........................................................................................................ 5

    B.    Plaintiffs' Fourth Cause of Action for Fraud and Deceit Satisfies the Pleading Requirements of Rule 9(b). .................................... 8

    C.    Plaintiffs' Fifth Cause of Action for Fraudulent Inducement Satisfies the Pleading Requirements of Rule 9(b). ................................ 10

    D.    Plaintiffs' Sixth Cause of Action for an Accounting Is Properly ......... 13

    E.    Any Claimed Deficiencies Can Be Cured By Amendment. ................. 14

V. CONCLUSION .............................................................................................. 15



# TABLE OF AUTHORITIES

Page

### Federal Cases

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007) ................................... 5

*Bly-Magee v. California*
  236 F.3d 1014 (9th Cir. 2001) ............................................................................ 8

*Cahill v. Liberty Mutual Insurance Co.*
  80 F.3d 336 (9th Cir. 1996) ................................................................................ 5

*Conley v. Gibson*
  355 U.S. 41 .......................................................................................................... 5

*Eminence Capital, LLC v. Aspeon, Inc.*
  316 F.3d 1048 (9th Cir. 2003 ........................................................................... 15

*Gilligan v. Jamco Develop. Corp.*
  108 F.3d 246 (95th Cir. 1997) ............................................................................ 4

*GlenFed, Inc. Secur. Lit.*
  42 F.3d 1541 (9th Cir. 1994) ............................................................................. 9

*Gonzalez v. Ameriquest Mortg. Co.*, No. C 03-00405 JSW,
  2004 U.S.Dist. LEXIS 22705, 2004 WL 2472249 (N.D. Cal. Mar 1, 2004)....... 11

*Haddock v. Board of Dental Examiners*
  777 F.2d 462 (9th Cir. 1985) ............................................................................. 5

*Manzarek v. St. Paul Fire & Marine Insurance Co.*
  519 F.3d 1025 (9th Cir. 2008) ......................................................................... 15

*McCalden v. Cal. Library Association*
  955 F.2d 1214 (9th Cir. 1990), cert. denied, 504 U.S. 957 (1992) ....................... 4

*Morris v. Atchity*
  2009 U.S.Dist. LEXIS 14581 (C.D. Cal. Jan 13, 2009)....................................... 14

*Neubronner v. Milken*
  6 F.3d 666 (9th Cir. 1993) ................................................................................. 8

*Peloza v. Capistrano Unified School District*
  37 F.3d 517 (9th cir. 1994) ................................................................................ 5

*Rondberg v. McCoy*
  2009 U.S.Dist. LEXIS 118869 (S.D. Cal. Dec. 21, 2009) ........................... 13, 14

*Schreiber Distributing Co. v. Serv-Well Furniture Co.*
  806 F.2d 1393 (9th Cir. 1986) ........................................................................... 5

*StreamCast Networks, Inc. v. IBIS LLC*
  2006 U.S.Dist. LEXIS 97607 (C.D. Cal. May 1, 2006)................................ 11, 12

*United States v. Redwood City*
  640 F.2d 963 (9th Cir. 1981) .................................................................................. 4

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003) ........................................................................... 9, 15

### State Cases

*Agosta v. Astor*
  120 Cal.App.4th 596, 15 Cal. Rptr. 3d 565 (2004) ................................................ 12

*Campbell v. Birch*
  19 Cal.2d 778, 122 P.2d 902 (1942) ...................................................................... 12

*Duggal v. G.E. Capital Communications Services, Inc.*
  81 Cal.App.4th 81, 96 Cal.Rptr.2d 383 (2000) ...................................................... 14

*Erlich v. Menezes*
  21 Cal.4th 543, 87 Cal.Rptr.2d 886 (1999) ............................................................ 12

*Haigler v. Donnelly*
  18 Cal.2d 674 (1941) ................................................................................................ 7

*Harris v. Atlantic Richfield Co.*
  14 Cal.App.4th 70, 17 Cal.Rptr.2d 649 (1993) ...................................................... 13

*Lazar v. Superior Court of Los Angeles County*
  2 Cal.4th 631, 49 Cal.Rptr.2d 377, [909 P.2d 981] (1996) ................................... 12

*North American Chemical Co. v. Superior Court*
  59 Cal.App.4th 764, 69 Cal.Rptr.2d 466 (1997) .............................................. 3, 12

*PCO v. Christensen, Miller, Fink, Jacobs, Glaser, Weil, & Shapiro LLO*,
  150 Cal.App.4th 384 (2007) ................................................................................ 2, 6

*Software Design & Application, Ltd. v. Hoefer & Arnett, Inc*
  49 Cal.App.4th 472, 56 Cal.Rptr.2d 756 (1996) .................................................... 6

*Teselle v. McLoughlin*
  173 Cal.App.4th 156, 92 Cal. Rptr. 3d 696 (2009) ................................................ 13

*Vu v. California Commerce Club, Inc.*
  58 Cal.App.4th 229 (1997) ...................................................................................... 8



1  Plaintiffs DONALD F. WAITT and TYLER A. WAITT submit this
2  Memorandum of Points and Authorities in support of their Opposition to Defendant
3  Internet Brands, Inc.'s motion to dismiss.

4

5  **I.**

6  **INTRODUCTION**

7  Defendant Internet Brands, Inc. ("Internet Brands" or "Defendant") has
8  moved to dismiss Plaintiffs Donald F. Waitt's and Tyler A. Waitt's ("Plaintiffs" or
9  "Waitts") third, fourth, fifth and sixth causes of action under Rules 9(b) and 12(b)(6)
10 of the Federal Rules of Civil Procedure.  Defendant's motion is without merit and
11 should be denied because:

12 • Plaintiffs' third cause of action for conversion is properly pled.
13 Defendant's cited authority, <u>PCO v. Christensen, Miller, Fink, Jacobs, Glaser, Weil,
14 & Shapiro LLO</u>, 150 Cal.App.4th 384, 396-397 (2007), actually supports Plaintiffs'
15 position that the amount claimed in the Complaint is "capable of identification" as it
16 is based on an agreed-upon formula specified by the contract terms which have been
17 cited in the Complaint.  Additionally, as Defendant has conceded in its moving
18 papers[1]: "plaintiffs have expressly alleged a right to recover *a sum that can be made*
19 *certain by calculation*" (emphasis in original);

20 • Plaintiffs' fourth cause of action for fraud meets the pleading
21   requirements of Rule 9(b).  Plaintiffs have specified the statements they
22   claim were false or misleading, why they were false, when and where the
23   statements were made, who made the statements, and Plaintiffs' reliance
24   on these statements;

25 • Plaintiffs' fifth cause of action for fraudulent inducement also meets the

26 _____

27 [1]  See page 11, lines 22-23 of Defendant's moving papers.

28

pleading requirements of Rule 9(b).  As in the fraud claim, Plaintiffs' have specified the statements they claim were false or misleading, why they were false, when and where the statements were made, who made the statements, and Plaintiffs' reliance on these statements;

- Plaintiffs' sixth cause of action for an accounting is properly pled. Plaintiffs seek an accounting because the *specific* sum that Defendant actually owes can be ascertained only after it produces all documents which are in its possession, containing the specific information required by the contract (i.e., the "Google Analytics page views tracking reports") which will be applied to the agreed-to formula.

- Finally, there is no merit to Defendant's argument that the tort-based causes of action should be dismissed merely because this is also a breach of contract case.  It is well-established that "[t]he same wrongful act may constitute both a breach of contract and an invasion of an interest protected by the law of torts" and that claims grounded in fraud can be based on representations made in connection with a contract, which is the case here.  North American Chemical Co. v. Superior Court, 59 Cal.App.4th 764, 774, 69 Cal. Rptr. 2d 466 (1997).

## II.
## RELEVANT PROCEDURAL HISTORY

On April 22, 2010, Plaintiffs filed a Complaint asserting six causes of action against Defendant Internet Brands for: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) conversion; (4) fraud and deceit; (5) fraudulent inducement; and (6) an accounting.

On May 28, 2010, Defendant filed its motion to dismiss, seeking the dismissal of the third through sixth causes of action.

Defendant's counsel, however, has failed to comply with the meet and confer

requirements of Local Rule 7-3 and this Court's Order re: Case Management, requiring that before filing a motion, he discharge his obligations "in good faith" and that he "discuss thoroughly" the substance of his contemplated motion and allow for "a possible informal resolution of an issue without court intervention." (¶7 of Court's Order). Specifically, Defendant's counsel only informed Plaintiffs' counsel of the basis for Defendant's motion to dismiss on May 24, 2010, four days before it filed its motion, stating that its "meet and confer" "will only take five minutes." (See Declaration of Josephine Brosas, ¶¶ 2-3). In fact, *on the same day* Plaintiffs' counsel asked that Defendant's counsel point to the flaws in the complaint so that Plaintiffs can amend, in an effort to conserve the parties' resources and to avoid burdening the court with a motion on invalid grounds, Defendant responded by filing its Motion to Dismiss papers. Indeed, not only does this violate the specific meet and confer requirements, but also runs afoul of the Court's own rules that "Rule 12(b)(6) motions are discouraged unless counsel has a good faith belief that such motions will likely result in dismissal, without leave to amend, of all or at least some of the claims under applicable law." (see Order, ¶ 5b). As will be shown below, Defendant's entire motion is without merit.

## III.

## STANDARD OF REVIEW

Courts generally view Rule 12(b)(6) motions with "disfavor" because of the limited role pleadings play in federal practice and the liberal policy regarding amendments. Gilligan v. Jamco Develop. Corp. , 108 F.3d 246, 249 (9th Cir. 1997)("The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted."); United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981)(dismissal is proper only in "extraordinary" cases). To survive a motion to dismiss, a party is not required to state the legal basis for his claim, only the facts underlying it. McCalden v. Cal. Library Ass'n , 955 F.2d 1214, 1223 (9th Cir. 1990), cert. denied, 504 U.S. 957 (1992).

1   In resolving this Rule 12(b)(6) motion, the court (1) construes the Complaint
2   in the light most favorable to Plaintiffs; (2) accepts all well-pleaded factual
3   allegations as true; and (3) determines whether Plaintiffs can prove any set of facts
4   to support its claim. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-338 (9th Cir.
5   1996); Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ("A complaint should not be
6   dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff
7   can prove no set of facts in support of his claim which would entitle him to relief.");
8   Peloza v. Capistrano Unified School Dist., 37 F.3d 517, 521 (9th Cir. 1994)(Courts
9   must assume that all general allegations "embrace whatever specific facts might be
10  necessary to support them.")

11  A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the
12  complaint. Thus, if the complaint states a claim under any legal theory, even if the
13  plaintiff erroneously relies on a different legal theory, the complaint should not be
14  dismissed. Haddock v. Bd. of Dental Examiners, 777 F.2d 462, 464 (9th Cir. 1985).

15  Federal Rule of Civil Procedure 8(a)(2) requires: "only 'a short and plain
16  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
17  defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]' . . .
18  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d
19  929 (2007) (internal citations omitted).

20  As to claims grounded in fraud, to meet the requirements of Rule 9(b), plaintiffs
21  must specify "the time, place and specific content of the false representations as well as
22  the identities of the parties to the misrepresentation." (Schreiber Distrib. Co. v. Serv-
23  Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).)

### IV.

### ARGUMENT

**A.    Plaintiffs' Third Cause of Action for Conversion Is Properly Pled.**

27  Contrary to Defendant's contention, Plaintiffs' conversion claim is properly
28  pled, and Defendant's cited authority actually supports Plaintiffs' position. In

1 Defendant's cited case, PCO v. Christensen, Miller, Fink, Jacobs, Glaser, Weil, & Shapiro LLO, 150 Cal.App.4th 384, 396-397 (2007), the Court **did not** hold that a *specific sum* must be identified at the pleading stage.  Rather, the appellate court explained:

> In this case, plaintiffs may have stated a cause of action for conversion by alleging, in effect, an amount of cash "capable of identification." Plaintiffs alleged a conversion of 10 duffel bags, each containing $ 500,000**. But at the summary judgment stage**, *plaintiffs failed to present evidence of a definite, identifiable sum of money.*

Id. (emphasis added.)

Thus, to state an action for conversion, *at the pleading stage*, only an amount "capable of identification" must be pled.  As Defendant's cited authority holds: "money cannot be the subject of a conversion action unless a specific sum *capable of identification* is involved." Software Design & Application, Ltd. v. Hoefer & Arnett, Inc. (1996) 49 Cal.App.4th 472, 485, 56 Cal.Rptr.2d 756. (emphasis added.)

Here, and based on the limited information known to Plaintiffs at the pleading stage, Plaintiffs have sufficiently alleged an amount "capable of identification."  The contract at issue here specifically provides a formula by which the sum converted by Defendants can be calculated.  As alleged in paragraphs 17-19 of the Complaint:

> 17.  In exchange for the sale and transfer of the Purchased Assets, and pursuant to the express terms of Sections 1.3 and 1.4 of the Contract, Defendants were and are obligated to pay contingent deferred payments to Plaintiffs.  The parties agreed that the amounts of these payments were to be based on the average monthly website page views of modelmayhem.com, and that the number of page views would be calculated based on Google Analytics Website page views tracking reports.
>
> 18.  Specifically, Section 1.3 (c)(i) of the Contract provides:
>
> 2009 Contingent Deferred Payments.
>
> A.   Eight Hundred Thousand Dollars ($800,000) shall be paid if average monthly Website page views for calendar year 2009 are at

least 350,000,000 (the "2009 Target Website Page Views").  If the 2009 Target Website Page Views are not achieved, but actual average monthly Website Page Views for calendar year 2009 are at least 225,000,000 (the "2009 Baseline Website Page Views"), then this portion of the 2009 Contingent Deferred Payment shall be equal to toe greater of (x) a fraction of $800,000, the numerator of which is monthly page views for calendar year 2009 minus 2009 Baseline Website Page Views, and the denominator of which is 2009 Target Website Page Views minus 2009 Baseline Page Views and (y) Two Hundred Thousand Dollars ($200,000).

B.      Ten percent (10%) of all Website membership revenues earned and collected in calendar year 2009 in excess of Two Hundred Fifty Thousand Dollars ($250,000), net of any credits or refunds).

19.  Section 1.4 (c) of the Contract provides:
The Parties agree that for purposes of determining total Website page views for each Contingent Deferred Period set forth in Section 1.3(c), the Parties shall rely upon Google Analytics Website page views tracking reports.  Internet Brands shall continue to consistently deploy Google Analytics on the Website through December 31, 2010.

Thus, the specific sum converted by Defendant is readily ascertainable once Defendant produces all documents relating to modelmayhem.com page views (which are in its possession) and *applies that information to the specific formula* agreed to by the parties in the purchase agreement.  See also Haigler v. Donnelly, 18 Cal.2d 674, 681 (1941).  Defendant cannot seriously dispute that the converted sum is not readily ascertainable when the figure is within its knowledge and identifiable based on the contract's terms.  In fact, Defendant **admits** as much in its own moving papers:

- "However, if, as here, a complaint sets forth all the facts necessary for the calculation of an account between the parties, recovery may be had in an action at law" [pg. 11, lines 8-10.]

1  •  "As the plaintiffs have expressly alleged a right to recover *a sum that can be made certain by calculation*" [emphasis in original][pg. 11, lines 22-23].

Defendant's cited case <u>Vu v. California Commerce Club, Inc.</u>, 58 Cal.App.4th 229 (1997) is plainly distinguishable from the facts of the present case. In that case, plaintiff card gamblers sued the card playing facility, claiming gambling losses as a result of other players' cheating. The appellate court found that the lower court properly granted *summary judgment* on the conversion claim. According to the court, plaintiffs' claim was a generalized claim for money and *failed to prove* that their damages were reasonably certain because: "the gist of plaintiffs' case was that much of the money they lost was taken by persons other than the [defendant] club or its employees." <u>Id.</u> at 235. Such is not the case here – there is an agreed-upon formula based on a written contract entered into by the Plaintiffs and Defendant, by which the specific sums converted by Defendant can be calculated.

Accordingly, Defendant's arguments have no merit. Plaintiffs' claim for conversion is properly pled.

### B. Plaintiffs' Fourth Cause of Action for Fraud and Deceit Satisfies the Pleading Requirements of Rule 9(b).

Rule 9(b) requires that the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting <u>Neubronner v. Milken</u>, 6 F.3d 666, 671 (9th Cir. 1993)).

Plaintiffs here have pled the requisite elements to assert a cause of action for Defendant's fraudulent conduct, which is based on the various misrepresentations made by Defendants regarding payments that Plaintiffs would receive in exchange for their transfer to Defendant of the website modelmayhem.com, member databases, and all intellectual property, goodwill and technology related thereto, and which is also based

on misrepresentations made by Defendant (later proven false by its own submitted documents), in the calculations of these payments. Defendants cannot play ignorant and claim that they cannot adequately respond.

As shown below, cited in pertinent parts is Plaintiffs' Complaint, which: (1) specifies the statements Plaintiffs claim were false or misleading; (2) gives particulars as to the respect in which plaintiff contends the statements were fraudulent; (3) states when and where the statements were made; and (4) identifies those responsible for the statements. In re GlenFed, Inc. Secur. Lit., 42 F.3d 1541, 1547-48 (9th Cir. 1994); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)(On claims grounded in fraud, Plaintiff must specify "the who, what, when, where, and how of the misconduct charged.")

> The fraudulent statements, who made those statements, and when statements were made (emphasis added):
>
> 45. In full consideration of the sale, assignment, and transfer of the Purchased Assets under the Contract [entered into May 13, 2008], Defendant, through its **Chief Executive Officer Robert N. Brisco,** agreed to make payments to Plaintiffs, which payments included certain contingent deferred payments to be made on or before February 15, 2010 (the 2009 contingent deferred payment) and on or before February 15, 2011 (the 2010 contingent deferred payment) pursuant to the terms of the Contract.
>
> 50. In addition, in its **March 19, 2010** calculations, Defendant, **through its representative Wendy Giberti**, falsely represented in writing that 65% of the website page views of modelymayhem.com from which the 2009 contingent deferred payments were to be calculated were invalid, that Google was not able to identify what was on those pages, and that tens of millions of page views per month were not real page views. Then **on March 22, 2010**, Defendant, through its representative **Wendy Giberti**, falsely represented in writing that 75% of the page views identified by Google were not real page views. Based on these representations, Defendant claimed based on its own independent research that it was only able to identify 246,000,000 page views per month.

Why the statements were fraudulent:

> 47. Defendant has refused and continues to refuse to make the 2009 contingent deferred payment to Plaintiffs pursuant to the Contract.
>
> 51. According to the Google Analytics reports provided by Defendant on March 29, 2010 and attached to a sworn declaration from Defendant's representative, modelmayhem.com actually received a monthly average of 290,000,000 page views.

Moreover, contrary to Defendant's completely baseless claim that "nowhere, however, is it ever alleged that plaintiffs relied on these statements or that their reliance was in any way justified" [motion, pg. 6, lines 19-21] – Plaintiffs have set forth factual allegations which establish the element of justifiable reliance:

> 46. In reliance on the representations made by Defendant, Plaintiffs sold and transferred title to the Purchased Assets to Defendant ["Purchased Assets" defined in ¶¶ 15-17 of Complaint].
>
> 52. Defendant knew that these representations regarding website page views were false. Defendant made these representations with an intent to defraud Plaintiffs and induce their reliance on these falsely represented figures in calculating to their detriment the 2009 contingent deferred payment due Plaintiffs.

Thus, it cannot seriously be disputed that the Complaint as plead is not "specific enough" to give notice of the alleged fraud -- the Complaint clearly alleges the "who, what, when, where, and how" of the fraud alleged to have been committed by Defendant. The claim for fraud has been properly pled.

### C. **Plaintiffs' Fifth Cause of Action for Fraudulent Inducement Satisfies the Pleading Requirements of Rule 9(b).**

For the same reasons discussed above, Plaintiffs' cause of action for fraudulent inducement has been properly pled. There is no merit to Defendant's baseless claim that Plaintiffs have "entirely failed to plead" the element of reliance. As the Complaint alleges, in pertinent part:

> 57. [Fraudulent Inducement, *also incorporating the preceding*

*allegations regarding Defendant's Fraud*]: In reliance on the representations made by Defendant, Plaintiffs sold and transferred title to the Purchased Assets to Defendant.

Also, the general allegations ¶¶ 17-23 and previous allegations of fact regarding Plaintiffs' claims for breach of contract, breach of covenant of good faith, and conversion (all of which have been incorporated by reference) – state the circumstances constituting Defendant's fraudulent inducement of Plaintiffs into believing that they will be receiving the Contingent Deferred Payments as represented by Defendant's principal in the purchase agreement entered into by the parties.

Also, Defendant's claim that the fraud allegations are "clearly inadequate as they fail to set forth what is false or misleading about the alleged statement and why it was false" -- has no merit. See, Complaint, ¶¶ 56, 17-20 (false statements); ¶¶ 58, and 21-22 (why they are false).

As to Defendant's claims that "such allegations establish only that the parties agreed to a contract and that consideration was exchanged" [pg. 10, lines 4-5], Defendant is wrong.

A fraudulent inducement claim can be made based on representations contained in an agreement. In <u>StreamCast Networks, Inc. v. IBIS LLC</u>, 2006 U.S. Dist. LEXIS 97607, 24-25 (C.D. Cal. May 1, 2006), the Court held that: "[t]o the extent the claim is based on representations contained in the Agreement, the court concludes that StreamCast has adequately alleged fraudulent inducement. The fourth cause of action incorporates paragraphs 1 through 29 of the complaint. These paragraphs allege certain oral and written representations ISIB allegedly made regarding the performance of its application." citing to <u>Gonzalez v. Ameriquest Mortg. Co., No</u>. C 03-00405 JSW, 2004 U.S. Dist. LEXIS 22705, 2004 WL 2472249, *6 (N.D.Cal. Mar. 1, 2004) (holding that a misrepresentation was pleaded

4813-3646-5670.1

11

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

with sufficient particularity based on factual allegations incorporated by reference).

In <u>StreamCast</u>, plaintiff Streamcast cited to the terms of the agreement and alleged that the representations made therein by IBIS were false, in that "IBIS did not intend to fulfill its obligations and representations made under the Agreement and/or knew that [it] could not perform the obligations . . ." The Court denied defendant's motion to dismiss and held that: "[b]ecause these allegations sufficiently plead the time, place and specific content of the false representations, they are adequate under Rule 9(b)." <u>Id.</u> at 25.

Finally, there is no merit to Defendant's argument that the tort-based causes of action should be dismissed because this is merely a breach of contract claim. It is well-established that "[t]he same wrongful act may constitute both a breach of contract and an invasion of an interest protected by the law of torts." <u>North American Chemical Co. v. Superior Court</u>, 59 Cal.App.4th 764, 774, 69 Cal. Rptr. 2d 466 (1997).

In such circumstances, California courts recognize that "contract remedies do not address the full range of policy objectives underlying the [tort] action. . . ." <u>Lazar v. Superior Court of Los Angeles County</u>, 12 Cal.4th 631, 646, 49 Cal. Rptr. 2d 377, 909 P.2d 981 (1996). "In pursuing a valid fraud action, plaintiff advances the public interest in punishing intentional misrepresentations and in deterring such misrepresentations in the future." <u>Id.</u> at 646.

One circumstance in which courts have routinely recognized the availability of both a fraud and a contract action is a case in which a party contends that it was fraudulently induced to enter into a contract. See, e.g., <u>Erlich v. Menezes</u>, 21 Cal.4th 543, 551-52, 87 Cal. Rptr. 2d 886 (1999); <u>Lazar</u>, 12 Cal.4th at 645 (citing <u>Campbell v. Birch</u>, 19 Cal.2d 778, 791, 122 P.2d 902 (1942) ("it has long been the rule that where a contract is secured by fraudulent representations, the injured party may elect to affirm the contract and sue for the fraud")); <u>Agosta v. Astor</u>, 120 Cal.App.4th 596, 603, 15 Cal. Rptr. 3d 565 (2004) ("An action for promissory fraud

1  may lie where a defendant fraudulently induces the plaintiff to enter into a contract.
2  In such cases, the plaintiff's claim does not depend upon whether the defendant's
3  promise is ultimately enforceable as a contract. If it is enforceable, the [plaintiff] . . .
4  has a cause of action in tort as an alternative at least, and perhaps in some instances
5  in addition to his cause of action on the contract." <u>Harris v. Atlantic Richfield Co</u>.,
6  14 Cal.App.4th 70, 78, 17 Cal. Rptr. 2d 649 (1993) ("For example, when one party
7  commits a fraud during the contract formation or performance, the injured party
8  may recover in contract and tort").  Because this is precisely the nature of the
9  allegations Plaintiffs make, these claims for fraud and fraudulent inducement are not
10 redundant of their breach of contract claim.  Defendant's motion should be denied.

11       **D.**     **<u>Plaintiffs' Sixth Cause of Action for an Accounting Is Properly</u>**
12              **<u>Pled.</u>**

13       "A cause of action for an accounting requires a showing that a relationship
14 exists between the plaintiff and defendant that requires an accounting, and that some
15 balance is due the plaintiff that can only be ascertained by an accounting." <u>Rondberg</u>
16 <u>v. McCoy</u>, 2009 U.S. Dist. LEXIS 118869 (S.D. Cal. Dec. 21, 2009), citing to
17 <u>Teselle v. McLoughlin</u>, 173 Cal. App.4th 156, 179 (2009).
18       An accounting is necessary here because the "specific sum" owed by
19 Defendant -- the 2009 contingent deferred payments pursuant to the terms of the
20 Contract, including all accrued interests -- can be ascertained only after it produces
21 <u>all</u> documents in its possession relating to modelmayhem.com "Google Analytics
22 website page views tracking reports" pursuant to Section 1.4(c) of the contract.
23 Defendant, who operates and controls the website modelmayhem.com, has these
24 tracking reports.  Once Defendant produces all these reports, this information can be
25 applied to the agreed-upon formula to determine the contingent deferred payments
26 owed by Defendant. <u>Teselle v. McLoughlin</u>, 173 Cal. App. 4th 156, 179, 92 Cal.
27 Rptr. 3d 696 (2009) (The purpose of the accounting is, in part, to discover what
28 sums are owed to the plaintiff, and an accounting may be used as a discovery

4813-3646-5670.1
13
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

1  device.); Rondberg, supra at p. 11 ("Plaintiffs allege that the exact amount owed to
2  them by Defendants is unknown, because it was kept by Defendants in complicated
3  and disputed accounts . . . the Court concludes that the FAC sufficiently states a
4  cause of action for accounting").

5      Moreover, "[t]he right to an accounting is dependent on the validity of the
6  underlying claims for relief." Morris v. Atchity, 2009 U.S. Dist. LEXIS 14581 (C.D.
7  Cal. Jan. 13, 2009): See Duggal v. G.E. Capital Communications Services, Inc., 81
8  Cal. App. 4th 81, 95, 96 Cal. Rptr. 2d 383 (2000) ("The right to an accounting is
9  derivative and depends on the validity of a plaintiff's underlying claims.").  Thus,
10 because, as shown above, Plaintiffs have stated valid claims for conversion, fraud,
11 fraudulent inducement, and claims for breach of contract and breach of the covenant of
12 good faith and fair dealing , a request for accounting of the total sum Defendant owes to
13 Plaintiff based on these claims, is valid.

14     Finally, it bears noting that Defendant's position relating to the sufficiency of
15 Plaintiffs' conversion and accounting claims are internally and irreconcilably
16 inconsistent.  Specifically, Defendant argues that Plaintiffs conversion claim fails
17 because Plaintiffs have pleaded "only a generalized claim" for money that is not
18 readily ascertainable.  However, Defendant also argues that "Plaintiffs have
19 *expressly alleged* a right to recover *a sum that can be made certain by calculation*."
20 [pg. 11, lines 22-23] (emphasis added).  Therefore, there is no merit to any of
21 Defendant's arguments.

22     Plaintiffs have properly pled a cause of action for accounting.

23     **E.**    **Any Claimed Deficiencies Can Be Cured By Amendment.**

24     Plaintiffs contend that the third, fourth, fifth, and sixth causes of action are
25 properly pled and not subject to dismissal.  To the extent the Court is inclined to find
26 any deficiencies, however, Plaintiffs maintain that any such deficiencies can be cured
27 by amendment.  Thus, in the event Defendant's motion is granted, Plaintiffs
28 respectfully request that this Court allow leave to amend the Complaint. See Manzarek

v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008)(where a motion to dismiss is granted, a district court should provide leave to amend.  Federal Rule of Civil Procedure 15(a) advises that the "court should freely give leave [to amend the complaint before trial] when justice so requires." "This policy is to be applied with extreme liberality" to comply with the underlying purpose of facilitating decisions on the merits. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003 (per curiam)(internal citations omitted); Vess v. Ciba-Geigy Corp., supra, 317 F.3d at 1108 (dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice).

## V.
## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's motion to dismiss.

Respectfully submitted,

DATED:  July 2, 2010         LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/
Paula C. Greenspan
Attorneys for Plaintiffs Donald F. Waitt
and Tyler A. Waitt



4813-3646-5670.1

15

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS