PAULA C. GREENSPAN, SB# 166332
  E-Mail: greenspan@lbbslaw.com
JOSEPHINE A. BROSAS, SB# 239342
  E-Mail: brosas@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiffs Donald F. Waitt
and Tyler A. Waitt

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DONALD F. WAITT, an individual, and TYLER A. WAITT, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNET BRANDS, INC., a Delaware corporation, and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. CV 10-3006-GHK (JCGx)<br><br>The Hon. George H. King<br><br>**DECLARATION OF JOSEPHINE BROSAS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULES 9(b) and 12(b)(6)**<br><br>**Hearing:**<br>Date: Monday, July 26, 2010<br>Time: 9:30 a.m.<br>Courtroom: 650<br><br>Action Filed: April 22, 2010 |

/ / /
/ / /

4817-2333-3126.1

DECLARATION OF JOSEPHINE BROSAS

# DECLARATION OF JOSEPHINE A. BROSAS

I, Josephine A. Brosas, declare as follows:

1. I am an attorney duly licensed to practice in all of the courts of the State of California and am an associate with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Plaintiffs Donald F. Waitt and Tyler A. Waitt herein. The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. On May 24, 2010, I received a phone call from Defendant's counsel, Mr. David Bricker, who informed me that he wished to meet and confer on Defendant's contemplated motion to dismiss, and that this meet and confer "will only take five minutes." This is the first I have heard from Mr. Bricker regarding Defendant's motion.

3. Attached hereto as Exhibit A are true and correct copies of the various email exchanges with Mr. Bricker regarding Defendant's motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on July 1, 2010, at Los Angeles, California.

                                                /s/ Josephine Brosas
                                                Josephine A. Brosas

# EXHIBIT A

| | |
|---|---|
| **From:** | Paula Greenspan |
| **To:** | David Bricker |
| **CC:** | Josephine Brosas |
| **Date:** | 5/28/2010 12:03 PM |
| **Subject:** | RE: Meet and Confer Re Internet Brands' Intended Motion to Dismiss |

David:

We have carefully considered your asserted bases for bringing a motion to dismiss, and we still disagree with your analysis.

As a preliminary matter, I think it bears noting that the purpose of the meet and confer process is for the parties to make good faith efforts to resolve their differences short of court intervention and not just to say that we went through the process.  As I told you on the telephone, I am reasonable and flexible, and if you are able to point me to some valid flaw in our complaint, I would offer to amend.  In our view, you have failed to do so.

Moreover, your analysis relating to the conversion and accounting claims are internally inconsistent.  You argue that the conversion claim is not properly pled because the converted sum is not readily ascertainable.  You then argue that the accounting claim fails because the converted sum is certain.  Simply put, this makes no sense at all, and I would urge you to reconsider your positions on these issues prior to burdening the court with a motion to dismiss on these grounds.

Your other arguments are addressed below:

1.  Conversion

Your contention that "there is a dispute as to how page views are to be calculated" does not transform the allegations in the complaint into "a generalized claim for money."  The amount claimed is certainly capable of identification based on the allegations in the complaint.  Specifically, the sum converted by your client can be calculated by applying the "Google Analytics Website page views" information in your client's possession to the specific formula agreed to by the parties as required by the purchase agreement. (see Complaint ¶¶ 18 and 19.)

We believe that the conversion claim is properly pled.

2.  Fraud

Plaintiffs have set forth factual allegations which establish the element of justifiable reliance ---


"47.[Fraud and Deceit]  In reliance on the representations made by Defendant, Plaintiffs sold and transferred title to the Purchased Assets to Defendant."

"52. [Fraud and Deceit]  Defendant knew that these representations regarding website page views were false.  Defendant made these representations with an intent to defraud Plaintiffs and induce their reliance on these falsely represented figures in calculating to their detriment the 2009 contingent deferred payment due Plaintiffs."

Also, see the general allegations ¶¶ 17-23 and allegations for breach of contract, breach of covenant of good faith, and conversion which have been incorporated by reference into the fraud allegations.

Your claim that the fraud allegations are "clearly inadequate as they fail to set forth what is false or misleading about the alleged statement and why it was false" -- has no merit.   See e.g., ¶¶  45, 50 and 17-20 (false statements); See ¶¶ 47 and 51, 21 and 22 (why they are false).

Rule 9(b) requires that the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

Here, it cannot seriously be disputed that the Complaint as plead is not "specific enough" to give notice of the alleged fraud -- the Complaint clearly alleges the "who, what, when, where, and how" of the fraud alleged to have been committed by your client. See ¶¶ 44-54.

The claim for fraud has been properly pled.

3.  Fraudulent Inducement

The element of justifiable reliance has been plead:

"57. [Fraudulent Inducement, also incorporating the preceding allegations] In reliance on the representations made by Defendant, Plaintiffs sold and transferred title to the Purchased Assets to Defendant." Also, see the general allegations ¶¶ 17-23 and allegations for breach of contract, breach of covenant of good faith, and conversion which have been incorporated by reference.
 Your claim that the fraud allegations are "clearly inadequate as they fail to set forth what is false or misleading about the alleged statement and why it was false" -- has no merit. See, e.g., ¶¶ 56, 17-20 (false statements); See ¶ 58, and 21-22 (why they are false).

Finally, the particularity requirement of Rule 9(b) has been met. See response to #3 above and ¶¶ 55- 62.

The claim for Fraudulent Inducement claim has been properly pled.

4.  Accounting

Contrary to your inconsistent contentions as outlined above, an accounting is necessary, because that specific "sum" (the 2009 contingent deferred payment owed by Defendant pursuant to the terms of the Contract, including all accrued interests) can be ascertained only after Internet Brands produces all documents relating to modelmayhem.com Google Analytics page views and applies the specific formula agreed to by the parties in the purchase agreement.  See Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179, 92 Cal. Rptr. 3d 696 (2009) (The purpose of the accounting is, in part, to discover what sums are owed to the plaintiff, and an accounting may be used as a discovery device.)

The claim for an Accounting has been properly plead.

5.  Punitive Damages

Cal. Penal Code 496(c) provides that:  "Any person who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."

Here, plaintiffs have been injured by defendant's receipt (through fraud) and continued withholding of property belonging to plaintiffs (see e.g, allegations re Conversion, Fraud).  Plaintiffs may thus bring an action for treble damages under 496(c).

Additionally, punitive damages are specifically available for claims of conversion, fraud, and fraudulent inducement (see Cal. Civ. Code 3294: "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.")  Under that statute, fraud is "an intentional misrepresentation, deceit, or concealment of a material fact known to the

defendant with the intention on the part of the defendant of thereby depriving a person of property . . . or otherwise causing injury." Cal. Civ. Code § 3294(c)(3).

Plaintiffs' claims for punitive damages and treble damages are proper.

We hope you will reconsider the merits of your motion.

Very truly yours,


Paula C. Greenspan, Esq.
Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa Street, Suite 1200
Los Angeles, CA  90012
voice: 213.580.6346
fax: 213.250.7900
greenspan@lbbslaw.com

**From:** Paula Greenspan
**To:** David Bricker
**CC:** J. Robert (Bob) McCormack;  Josephine Brosas
**Date:** 5/25/2010 2:48 PM
**Subject:** Re: Meet and Confer Re Internet Brands' Intended Motion to Dismiss

David:

This will confirm and follow-up on our telephone conversation of yesterday evening when you indicated that Internet Brands intends to file a motion to dismiss.

During our telephone conversation, you said that the motion was based on several grounds which you described briefly and then promised to send us an e-mail setting forth the factual and legal basis for your proposed motion.  To date, we have only received the e-mail below with a case citation (PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro,LLP (2007) 150 Cal.App.4th 384  which you apparently contend supports your argument that the conversion claim is not properly pled.

Contrary to your contention, the conversion claim is properly pled, and your cited authority actually supports our position.  Specifically, the *Christiansen* Court did not hold that a specific sum must be identified at the pleading stage.  Rather, the appellate court explained: "In this case, plaintiffs may have stated a cause of action for conversion by alleging, in effect, an amount of cash 'capable of identification.'  Plaintiffs alleged a conversion of 10 duffel bags, each containing $ 500,000.  But at the summary judgment stage, "plaintiffs failed to present evidence of a definite, identifiable sum of money." ( Id. at p. 397 (emphasis added).)

Here, contrary to Christensen, and based on the limited information known to plaintiffs at the pleading stage, the Waitts have sufficiently alleged a sum capable of identification.  The sum is readily ascertainable once Internet Brands produces all documents relating to modelmayhem.com page views and applies the specific formula agreed to by the parties in the purchase agreement.  See Haigler v. Donnelly, 18 Cal. 2d 674, 681 (1941).  Internet Brands cannot seriously dispute that the converted sum is not ascertainable when the figure is within Internet Brands' knowledge based on records in its possession.

Finally, we think you know that California law does not require that a specific sum be alleged in the complaint.  On February 17, 2009 (two years after the Christiansen case), you filed a First Amended Complaint for Damages on behalf of Internet Brands against Target Directories Corporation in the Central District of California, Case No. CV 09-1105.  In your amended complaint, you alleged conversion of "all revenues invoiced and collected by Target on behalf of [Internet Brands] after the Closing Date."  Apparently, Internet Brands did not know the exact amount of monies allegedly converted because the documents from which that amount could be ascertained was (at the pleading stage) in the custody and control of the defendant, Target Directories Corp.

We hope you will agree to conserve the parties' resources and promote judicial economy by reconsidering the merit of your motion to dismiss the conversion claim.

Very truly yours,




Paula C. Greenspan, Esq.

Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa Street, Suite 1200
Los Angeles, CA  90012
voice: 213.580.6346
fax: 213.250.7900
greenspan@lbbslaw.com


>>> "David Bricker" <dbricker@ECJLAW.COM> 5/24/2010 5:13 PM >>>
PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro,
LLP (2007) 150 Cal.App.4th 384


Treasury Circular 230 Disclosure -- In order to comply with requirements
imposed by the Internal Revenue Service, we inform you that any U.S. tax
advice contained in this communication (including any attachments) is
not intended to be used, and cannot be used, for the purpose of avoiding
penalties under the Internal Revenue Code. If this communication
contains any U.S. tax advice that is used or referred to in the
promoting, marketing, or recommending to another party any transaction
or matter addressed herein, this communication should be construed as
written to support the promoting, marketing or recommending of the
transaction or matter addressed by this communication, and the taxpayer
should seek advice based on the taxpayer's particular circumstances from
an independent tax advisor. No limitation has been imposed by us on
disclosure of the tax treatment or tax structure of the transaction or
matter.


David Bricker, Esq.
Ervin Cohen & Jessup LLP
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California  90212-2974
Phone: 310-281-6371
Direct Fax: 310-887-6846
Email: dbricker@ecjlaw.com


It's not a common practice.(r)


The information contained herein is confidential and privileged
attorney-client information or work product intended only for the
individual or entity to whom it is addressed.  Any unauthorized use,
distribution or copying of this communication is strictly prohibited.
If you have received this communication in error, please notify me
immediately.

P Please don't print this e-mail unless it is necessary.