Patrick A. Fraioli (SBN 191824)
  pfraioli@ecjlaw.com
David Bricker (SBN 158896)
  dbricker@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325

Attorneys for Defendant and Counter-Claimant,
Internet Brands, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DONALD F. WAITT, an individual, and TYLER A. WAITT, an individual,, | CASE NO. CV10-3006-GHK (JCG) (Hon. George H. King, Crtrm. 650) |
| Plaintiffs, | **ANSWER TO COMPLAINT** |
| v. | |
| INTERNET BRANDS, INC., a Delaware Corporation, and DOES 1 through 10, Inclusive,, | |
| Defendants. | |
| INTERNET BRANDS, INC., a Delaware Corporation,, | |
| Cross-Complainant, | |
| v. | |
| DONALD F. WAITT, an individual, and TYLER A. WAITT, an individual,, | |
| Cross-Defendants. | |

///
///
///
///

IDOCS:13379.11:1080644.1

1

Answer to Complaint

**TO THE HONORABLE GEORGE H. KING, JUDGE OF THE UNITED STATES DISTRICT COURT, THE PLAINTIFFS AND TO ALL OTHER INTERESTED PARTIES:**

**COMES NOW** defendant, Internet Brands, Inc. ("Internet Brands" or "Defendant"), and for itself and itself alone hereby Answers the Complaint on file herein:

## ANSWER TO COMPLAINT
## NATURE OF THE ACTION

1. Answering paragraph 1, Defendant denies the allegations therein.

## THE PARTIES

2. Answering paragraph 2, Defendant lacks sufficient information or belief to enable it to admit or deny the allegations contained therein, and based upon such lack of information or belief, denies, generally and specifically, each and every allegation contained therein.

3. Answering paragraph 3, Defendant lacks sufficient information or belief to enable it to admit or deny the allegations contained therein, and based upon such lack of information or belief, denies, generally and specifically, each and every allegation contained therein.

4. Answering paragraph 4, Defendant admits the allegations contained therein.

5. Answering paragraph 5, Defendant lacks sufficient information or belief to enable it to admit or deny the allegations contained therein, and based upon such lack of information or belief, denies, generally and specifically, each and every allegation contained therein.

## JURISDICTION

6. Answering paragraph 6, Defendant denies the allegations therein.

7. Answering paragraph 7, Defendant denies the allegations therein.

8. Answering paragraph 8, Defendant admits the allegations therein.

## VENUE

9. Answering paragraph 9, Defendant denies the allegations therein.

10. Answering paragraph 10, Defendant admits the allegations therein.

## GENERAL ALLEGATIONS

11. Answering paragraph 11, Defendant denies the allegations therein.

12. Answering paragraph 12, Defendant denies the allegations therein.

13. Answering paragraph 13, Defendant admits the allegations therein.

14. Answering paragraph 14, Defendant admits the allegations therein.

15. Answering paragraph 15, Defendant admits the allegations therein.

16. Answering paragraph 16, Defendant admits the allegations therein.

17. Answering paragraph 17, Defendant denies the allegations therein.

18. Answering paragraph 18, Defendant admits the allegations therein.

19. Answering paragraph 19, Defendant admits the allegations therein.

20. Answering paragraph 20, Defendant denies the allegations therein.

21. Answering paragraph 21, Defendant denies the allegations therein.

22. Answering paragraph 22, Defendant denies the allegations therein.

23. Answering paragraph 23, Defendant denies the allegations therein.

## FIRST CAUSE OF ACTION

24. Answering paragraph 24, Defendant denies the allegations therein.

25. Answering paragraph 25, Defendant denies the allegations therein.

26. Answering paragraph 26, Defendant denies the allegations therein.

27. Answering paragraph 27, Defendant denies the allegations therein.

28. Answering paragraph 28, Defendant denies the allegations therein.

## SECOND CAUSE OF ACTION

29. Answering paragraph 29, Defendant denies the allegations therein.

30. Answering paragraph 30, Defendant denies the allegations therein.

31. Answering paragraph 31, Defendant denies the allegations therein.

32. Answering paragraph 32, Defendant denies the allegations therein.

| | | |
|---|---|---|
| 1 | 33. | Answering paragraph 33, Defendant denies the allegations therein. |
| 2 | 34. | Answering paragraph 34, Defendant denies the allegations therein. |
| 3 | 35. | Answering paragraph 35, Defendant denies the allegations therein. |
| 4 | 36. | Answering paragraph 36, Defendant denies the allegations therein. |

**THIRD CAUSE OF ACTION**

| | | |
|---|---|---|
| 6 | 37. | Motion to Dismiss Granted as to Third Cause of Action. |
| 7 | 38. | Motion to Dismiss Granted as to Third Cause of Action. |
| 8 | 39. | Motion to Dismiss Granted as to Third Cause of Action. |
| 9 | 40. | Motion to Dismiss Granted as to Third Cause of Action. |
| 10 | 41. | Motion to Dismiss Granted as to Third Cause of Action. |
| 11 | 42. | Motion to Dismiss Granted as to Third Cause of Action. |
| 12 | 43. | Motion to Dismiss Granted as to Third Cause of Action. |

**FOURTH CAUSE OF ACTION**

| | | |
|---|---|---|
| 14 | 44. | Answering paragraph 44, Defendant denies the allegations therein. |
| 15 | 45. | Answering paragraph 45, Defendant denies the allegations therein. |
| 16 | 46. | Answering paragraph 46, Defendant denies the allegations therein. |
| 17 | 47. | Answering paragraph 47, Defendant denies the allegations therein. |
| 18 | 48. | Answering paragraph 48, Defendant denies the allegations therein. |
| 19 | 49. | Answering paragraph 49, Defendant denies the allegations therein. |
| 20 | 50. | Answering paragraph 50, Defendant denies the allegations therein. |
| 21 | 51. | Answering paragraph 51, Defendant denies the allegations therein. |
| 22 | 52. | Answering paragraph 52, Defendant denies the allegations therein. |
| 23 | 53. | Answering paragraph 53, Defendant denies the allegations therein. |
| 24 | 54. | Answering paragraph 54, Defendant denies the allegations therein. |

**FIFTH CAUSE OF ACTION**

| | | |
|---|---|---|
| 26 | 55. | Motion to Dismiss Granted as to Fifth Cause of Action. |
| 27 | 56. | Motion to Dismiss Granted as to Fifth Cause of Action. |
| 28 | 57. | Motion to Dismiss Granted as to Fifth Cause of Action. |

58. Motion to Dismiss Granted as to Fifth Cause of Action.
59. Motion to Dismiss Granted as to Fifth Cause of Action.
60. Motion to Dismiss Granted as to Fifth Cause of Action.
61. Motion to Dismiss Granted as to Fifth Cause of Action.
62. Motion to Dismiss Granted as to Fifth Cause of Action.

### SIXTH CAUSE OF ACTION

63. Motion to Dismiss Granted as to Sixth Cause of Action.
64. Motion to Dismiss Granted as to Sixth Cause of Action.
65. Motion to Dismiss Granted as to Sixth Cause of Action.
66. Motion to Dismiss Granted as to Sixth Cause of Action.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
### [Failure to State a Claim]

67. As to each and every remaining cause of action as set forth in the Complaint against Internet Brands, plaintiffs fail to state facts sufficient to constitute a cause of action against Internet Brands.

### SECOND AFFIRMATIVE DEFENSE
### [Estoppel]

68. As to each and every remaining cause of action as set forth in the Complaint against Internet Brands, plaintiffs are estopped by their acts or conduct from recovering against Internet Brands on their claims in that acquiescence on the part of plaintiffs to the acts complained of make the granting of relief inequitable.

### THIRD AFFIRMATIVE DEFENSE
### [Waiver and Release]

69. As to each and every remaining cause of action as set forth in the Complaint against Internet Brands, plaintiffs have waived and/or released any such claims.

## FOURTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

70. As to each and every remaining cause of action as set forth in the Complaint against Internet Brands, plaintiffs' claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### [Statute of Limitations]

71. As to each cause of action as set forth in the Complaint against Internet Brands, plaintiffs' claims are barred, either in whole or in part, by the applicable Statute of Limitations.

## SIXTH AFFIRMATIVE DEFENSE

### [Laches]

72. As to each and every remaining cause of action as set forth in the Complaint against Internet Brands, plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### [Offset]

73. As to each and every remaining cause of action as set forth in the Complaint against Internet Brands, Defendant has the right of offset if any amount of money is owed to plaintiffs or due to plaintiffs by way of damage.

## EIGHTH AFFIRMATIVE DEFENSE

### [Good Faith]

74. As to each and every remaining cause of action as set forth in the Complaint against Internet Brands, plaintiffs' claims are barred as Internet Brands' alleged actions respecting the subject matter as alleged in the Complaint were undertaken in good faith and without the requisite willfulness and therefore damages and injunctive relief are unjustified.

///

## NINTH AFFIRMATIVE DEFENSE

### [Lack of Standing]

75. As to each and every remaining cause of action as set forth in the Complaint against Internet Brands, plaintiffs' claims are barred as plaintiffs do not have standing to bring the claims alleged.

## TENTH AFFIRMATIVE DEFENSE

### [Justification]

76. Even assuming that this Internet Brands has acted or failed to act as alleged in the Complaint (which Internet Brands denies and only makes such assumption for the purpose of this defense), such acts or failures to act were justified.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Consent]

77. As to each and every remaining cause of action as set forth in the Complaint against Internet Brands, plaintiffs' claims are barred by plaintiffs' consent or ratification.

## TWELFTH AFFIRMATIVE DEFENSE

### [Misrepresentation]

78. As to each and every remaining cause of action as set forth in the Complaint against Internet Brands, plaintiffs' claims are barred by the doctrine of misrepresentation.

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Implied License]

79. As to each and every remaining cause of action as set forth in the Complaint against Internet Brands, plaintiffs' claims are barred by the doctrine of implied license.

///

///

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Superseding Acts and Omissions]

80. As to each and every remaining cause of action as set forth in the Complaint against Internet Brands, plaintiffs' alleged damages, if any, were caused by the negligent, reckless and/or intentional acts of third parties which Internet Brands did not have the legal right, duty or opportunity to control and which acted without Internet Brands' knowledge, participation, approval or ratification.

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Comparative Negligence]

81. As to each and every remaining cause of action as set forth in the Complaint against Internet Brands, plaintiffs' alleged damages, if any, were caused by plaintiffs' own negligence, carelessness, wrongdoing and/or fault. Any right to recover from Internet Brands should, therefore, be reduced by that amount attributable to plaintiffs' own negligence, carelessness, wrongdoing and/or fault.

## SIXTEENTH AFFIRMATIVE DEFENSE

### [Unjust Enrichment]

82. As to each and every remaining cause of action as set forth in the Complaint against Internet Brands, plaintiffs' claims are barred in whole or in part because plaintiffs would be unjustly enriched were they to recover any damages or relief from Internet Brands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Apportionment of Fault]

83. Internet Brands contends that plaintiffs and/or other parties were negligence or otherwise legally responsible for the damages claimed by plaintiffs. Internet Brands therefore requests that, in the event of a finding of liability against it, an apportionment of fault be made among all parties by the court or the jury to the extent permitted by law.

///

## EIGHTEENTH AFFIRMATIVE DEFENSE
### [Failure to Mitigate]

84.   Internet Brands alleges that plaintiffs have failed to take proper and reasonable steps to avoid or otherwise mitigate any alleged damages thereby barring or reducing their right to recover in this action.

## NINETEENTH AFFIRMATIVE DEFENSE
### [Substantive Due Process]

85.   To the extent that the Complaint seeks punitive or exemplary damages, it violates Internet Brands' right to substantive due process under the Fifth and Fourteenth Amendments to the Constitution of the United States and under the Constitution of the State of California and, therefore, fails to state a cause of action supporting such damages.

## TWENTIETH AFFIRMATIVE DEFENSE
### [Procedural Due Process]

86.   To the extent that the Complaint seeks punitive or exemplary damages, it violates Internet Brands' right to procedural due process under the Fourteenth Amendment to the Constitution of the United States and under the Constitution of the State of California and, therefore, fails to state a cause of action supporting such damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### [No Punitive Damages]

87.   As to each and every remaining cause of action as set forth in the Complaint against Internet Brands, plaintiffs fail to state facts sufficient to constitute a cause of action against Internet Brands for punitive damages.  Any acts or omissions by Internet Brands were not the result of oppression, fraud or malice as those terms are defined by *California Civil Code*, Section 3294.

///

///

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### [Lack of Causation]

88. The SAC, and each purported cause of action therein, fails on the ground that answering Defendants did not cause the harm, if any, suffered by Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### [Reservation of Rights]

89. Plaintiffs' Complaint does not describe the claims made against Internet Brands with sufficient particularity to enable it to determine what additional defenses it may have in response to the purported claims. Internet Brands, therefore, reserves the right to assert any such additional defenses in the event that discovery indicates that such other affirmative defenses would be appropriate.

**WHEREFORE**, Internet Brands, prays as follows:

1. That judgment be entered in favor of Internet Brands, Inc., that the Complaint and any claims therein against Internet Brands be dismissed with prejudice and that plaintiffs take nothing by way of their Complaint;
2. For attorney's fees;
3. For costs of suit incurred herein;
4. For such other and further relief as the Court may deem just and proper.

DATED: August 11, 2010              ERVIN COHEN & JESSUP LLP

By: _____/S/_____
David Bricker
Attorneys for Defendant and Counter-Claimant, Internet Brands, Inc.