Patrick A. Fraioli (SBN 191824)
  pfraioli@ecjlaw.com
David Bricker (SBN 158896)
  dbricker@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325

Attorneys for Internet Brands, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DONALD F. WAITT, an individual, and TYLER A. WAITT, an individual,, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNET BRANDS, INC., a Delaware Corporation, and DOES 1 through 10, Inclusive,, <br><br> Defendants. <br><br>———————————————<br><br> INTERNET BRANDS, INC., a Delaware Corporation,, <br><br> Counter-Complainant, <br><br> v. <br><br> DONALD F. WAITT, an individual, and TYLER A. WAITT, an individual,, <br><br> Counter-Defendants. | CASE NO. CV10-3006-GHK (JCG) <br> (Hon. George H. King, Crtrm. 650) <br><br> **COUNTERCLAIM FOR:** <br><br> 1. **BREACH OF CONTRACT (BREACH OF REPRESENTATIONS AND WARRANTIES)** <br><br> 2. **BREACH OF CONTRACT (BREACH OF CONFIDENTIALITY)** <br><br> 3. **FRAUD (CONCEALMENT)** <br><br> 4. **NEGLIGENT MISREPRESENTATION** <br><br> 5. **INDEMNITY** |

///
///
///
///

IDOCS:13379.11:1081751.1

Counterclaim

TO THE HONORABLE GEORGE H. KING, JUDGE OF THE UNITED STATES DISTRICT COURT, THE PLAINTIFFS AND TO ALL OTHER INTERESTED PARTIES:

**COMES NOW** defendant, Internet Brands, Inc. ("Internet Brands" or "Defendant"), and for its Counterclaims against Donald F. Waitt and Tyler A. Waitt (collectively "plaintiffs" or "counter-defendants") hereby alleges as follows:

## COUNTERCLAIMS

### JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as this matter is between citizens of different States and involves an amount in controversy in excess of $75,000.00.

2. This Court has personal jurisdiction over counter-defendants as they have purposefully availed themselves of the benefits and laws of this jurisdiction, including by filing the instant action.

3. Additionally, the parties have stipulated to the jurisdiction of the United States District Court for the Central District of California.

### VENUE

4. Venue is proper in this Court pursuant to under 28 U.S.C. §§ 1391(a) and (c).

5. Additionally, the parties have stipulated to venue in the United States District Court for the Central District of California.

### THE PARTIES

6. Internet Brands is a Delaware corporation having its principal place of business at 909 Sepulveda Boulevard, 11th Floor, El Segundo, California 90245.

7. Counter-defendant, Donald F. Waitt, asserts in his Complaint that he is an individual who is a citizen of the State of Florida and who is residing in the City of Clearwater, Florida.

///

8. Counter-defendant, Tyler A. Waitt, asserts in his Complaint that he is an individual who is a citizen of the State of Florida and who is residing in the City of Oldsmar, Florida.

9. Internet Brands and each of the counter-defendants may be collectively referred to herein as the "parties."

## FACTS GIVING RISE TO COUNTERCLAIMS

10. On or about May 13, 2008, Internet Brands and counter-defendants entered into an Asset Purchase and Sale Agreement (the "Agreement").

11. Pursuant to the terms of the agreement, Internet Brands purchased and acquired all rights, title and interest in assets owned and controlled by Model Mayhem, LLC, including the internet web site, www.modelmayhem.com (the "website").

12. In entering into the Agreement, counter-defendants made material representations and warranties to Internet Brands regarding the absence of actual and threatened claims or litigation against counter-defendants, Model Mayhem, LLC, and the website. Those representations were made as of the date of the Agreement and as of the Closing date of the Agreement and formed a part of the consideration for the Agreement. Those representations were made in, among other places and without limitation. Sections 2.3, 2.7 and 2.8 of the Agreement. See Sealed Document, Docket No. 30, filed by counter-defendants on July 13, 2010.

13. In fact, the representations made by counter-defendants in Sections 2.3, 2.7 and 2.8 of the Agreement were false.

14. On or about July 13, 2007, the Miami, Florida, Police Department arrested Lavont Flanders, Jr. ("Flanders"), and charged him with raping at least five (5) women whom he met through the website. Flanders was accused of luring aspiring models to a Miramar, Florida, warehouse where he drugged them and then sexually assaulted them.

///

15. Internet Brands is informed and believes and thereon alleges that one or more of Flanders' victims intends to pursue civil litigation as a result of the assaults committed by Flanders and that such was known by counter-defendants before they entered into the Agreement.

16. The charges against Flanders and his alleged use of the website to lure his victims to the warehouse, as well as the contentions made by his victims with regard to his use of the website, were all known by counter-defendants in July, 2007, nearly one (1) year before they entered into the Agreement.

17. Additionally, Article 5 of the Agreement entered into between the parties contained mutual covenants of which expressly made terms of the Agreement confidential. Those mutual covenants expressly prohibit disclosure of the terms of the Agreement in any manner or form unless the parties mutually agree to such a release. See Sealed Document, Docket No. 30, filed by counter-defendants on July 13, 2010.

18. Counter-defendants have breached the express terms of the confidentiality provisions of the Agreement by, among other things and without limitation, quoting and setting forth in their Complaint the terms of Sections 1.3 and 1.4 of the Agreement.

### FIRST COUNTERCLAIM
### (For Breach of Contract (Breach of Representations and Warranties) Against All Counter-Defendants)

19. Internet Brands restates, realleges and incorporates paragraphs 1 through 18 as if fully set forth herein.

20. On or about May 13, 2008, Internet Brands and counter-defendants entered into the Agreement.

21. Internet Brands has performed each of its obligations under the Agreement except for those obligations from which Internet Brands was excused by from performing by counter-defendants.

22. Counter-defendants have breached the Agreement by making representations and warranties which were not true and which counter-defendants knew were not true when such were made to Internet Brands.  Specifically, and without limitation, counter-defendants have made false and untrue representations and warranties in Sections 2.3, 2.7 and 2.8 of the Agreement by, among other things and without limitation, representing and warranting that Model Mayhem, LLC, and the website were free from potential or threatened litigation and claims despite counter-defendants' knowledge of the claims arising from the sexual assaults committed by Flanders as set forth above.

23. Counter-defendants' breach of the representations and warranties made by them in the Agreement was not only contrary to the express terms of the Agreements but also contrary to the implied covenant of good faith and fair dealing.

24. As a direct and proximate result of counter-defendants' breach of the Agreement, Internet Brands has been damaged in an amount to be proved at trial but believed to be in excess of $5 million.

## SECOND COUNTERCLAIM
### (For Breach of Contract (Breach of Confidentiality)
### Against All Counter-Defendants)

25. Internet Brands restates, realleges and incorporates paragraphs 1 through 18 as if fully set forth herein.

26. On or about May 13, 2008, Internet Brands and counter-defendants entered into the Agreement.

27. Internet Brands has performed each of its obligations under the Agreement except for those obligations from which Internet Brands was excused by from performing by counter-defendants.

28. The Agreement entered into between the parties contained mutual covenants which expressly made the terms of the Agreement confidential. Those mutual covenants, contained in Article 5 of the Agreement, expressly prohibit

1  disclosure of the terms of the Agreement in any manner or forum unless the parties
2  mutually agree to such a release. See Sealed Document, Docket No. 30, filed by
3  counter-defendants on July 13, 2010.

4      29.    Despite the express language of the Agreement, counter-defendants
5  have made public specific sections of the Agreement by quoting terms of the
6  Agreement in the Complaint on file herein.

7      30.    At no time did Internet Brands ever agree to waive any the controlling
8  confidentiality provisions nor did Internet Brands ever consent to allow confidential
9  terms to be cited by counter-defendants in their Complaint.

10     31.    Counter-defendants' breach of the confidentiality provisions in the
11 Agreement was not only contrary to the express terms of the Agreements but also
12 contrary to the implied covenant of good faith and fair dealing.

13     32.    As a direct and proximate result of counter-defendants' breach of the
14 Agreement, Internet Brands has been damaged in an amount to be proved at trial but
15 believed to be in excess of $5 million

## THIRD COUNTERCLAIM

### (For Fraud (Intentional Concealment/Omission) Against All Counter-Defendants)

19     33.    Internet Brands restates, realleges and incorporates paragraphs 1
20 through 18 as if fully set forth herein.

21     34.    In negotiating and entering into the Agreement, counter-defendants
22 represented and promised Internet Brands that Model Mayhem, LLC, and the
23 website were free from potential or threatened litigation and claims. Those
24 representations and warranties are found in, among other places and without
25 limitation, Paragraphs 2.3, 2.7 and 2.8 of the Agreement. See Sealed Document,
26 Docket No. 30, filed by counter-defendants on July 13, 2010.

27 ///
28 ///

35. Counter-defendants made such representations despite their actual knowledge of the sexual assaults committed by Flanders and despite their actual knowledge that Flanders' victims were threatening to pursue civil litigation.

36. Internet Brands is informed and believes and thereon alleges that counter-defendants engaged in such concealment, misrepresentation and false promises (i) with knowledge of the falsity thereof, (ii) with reckless disregard for the truth of the assertions and/or (iii) with knowledge that the facts they did communicate to Internet Brands were likely to mislead Internet Brands for want of communication of the true facts of which they had knowledge.

37. Internet Brands is informed and believes and thereon alleges that counter-defendants engaged in such conduct in order to mislead Internet Brands regarding the status and reputation of counter-defendants' business and in order to allow counter-defendants to, among other things, further their business enterprises in such a manner so that Internet Brands would be unable or unlikely to learn of the true nature, standing and circumstances of counter-defendants' business enterprises and to hide from Internet Brands the claims and litigation threatened by Flanders' victims.

38. Internet Brands is informed and believes and thereon alleges that counter-defendants intended to induce Internet Brands to act as it did in executing the Agreement and in performing all of its obligations under the Agreement and that at the time the above representations and promises were made, counter-defendants knew them to be false or knew that they were likely to mislead Internet Brands for want of communication of the true facts regarding counter-defendants' true intentions and abilities regarding the performance in question.

39. In fact, Internet Brands justifiably relied upon counter-defendants' misrepresentations, omissions, concealment and false promises in entering into the Agreement and in performing there under for as long as it did all to the financial and other benefit of counter-defendants. Internet Brands was unlikely or unable to

discover counter-defendants' concealment in that, among other things, Internet Brands was not given access to internal records showing the nature of the claims arising from Flanders' assaults and counter-defendants continued to represent that, in fact, all of the promises and representations made to Internet Brands were true and in accordance with expectations and continued to conceal from Internet Brands the ongoing claims by victims of Flanders and others.

40. As a direct result of counter-defendants' misrepresentations, false promises, concealment and omissions, Internet Brands was damaged in an amount to be proven at trial but believed to be in excess of $5 million

41. Had counter-defendants been truthful with Internet Brands and had they not intentionally misled Internet Brands, Internet Brands would not have entered into the Agreement with counter-defendants, would not have provided the extraordinary services that it did and thus would not have suffered the damage it did as hereinabove alleged.

42. In performing the acts described above, counter-defendants and each of them acted with sufficient malice, wantonness, willfulness, recklessness and oppression so as to entitle Internet Brands to an award of exemplary and punitive damages.

## FOURTH COUNTERCLAIM

**(For Negligent Misrepresentation Against All Counter-Defendants)**

43. Internet Brands restates, realleges and incorporates paragraphs 1 through 18 as if fully set forth herein.

44. In negotiating and entering into the Agreement, counter-defendants represented and promised Internet Brands that Model Mayhem, LLC, and the website were free from potential or threatened litigation and claims. Those representations and warranties are found in, among other places and without limitation, Paragraphs 2.3, 2.7 and 2.8 of the Agreement. See Sealed Document, Docket No. 30, filed by counter-defendants on July 13, 2010.

45. Counter-defendants made such representations despite their knowledge of the sexual assaults committed by Flanders and despite their knowledge, whether actual or constructive, that Flanders' victims were threatening litigation against Model Mayhem, LLC, and the website.

46. Internet Brands is informed and believes and thereon alleges that counter-defendants engaged in and made such misrepresentations (i) without confidence in the truth of their assertions to Internet Brands, (ii) with no reasonable grounds to believe in the truth of their assertions to Internet Brands, (iii) with insufficient basis to warrant such assertions, and/or (iv) with knowledge that the facts they did communicate to Internet Brands were likely to mislead Internet Brands for want of communication of the true facts of which it had or should have had knowledge.

47. Internet Brands is informed and believes and thereon alleges that at the time the above representations and promises were made, counter-defendants had no reasonable grounds for believing them to be true and believed that they were likely to mislead Internet Brands for want of communication of the true facts regarding cross-defendants' intentions and abilities regarding the performance in question.

48. As a direct result of counter-defendants' negligent misrepresentations, concealment and omissions, Internet Brands was damaged in an amount to be proven at trial but believed to be in excess of $5 million.

## FIFTH COUNTERCLAIM

**(For Contractual Indemnity Against All Counter-Defendants)**

49. Internet Brands restates, realleges and incorporates paragraphs 1 through 18 as if fully set forth herein.

50. Section 4.4 of the Agreement entered into between the parties provides that counter-defendants shall indemnify Internet Brands and hold it harmless for claims brought by, among others and without limitation, Flanders' victims. See Sealed Document, Docket No. 30, filed by counter-defendants on July 13, 2010.

51. Pursuant to the express terms of the Agreement, Internet Brands is entitled to indemnification and a defense from each counter-defendant for all claims threatened or brought by Flanders' victims. Internet Brands is informed and believes and thereon alleges that each counter-defendant denies any such duty to indemnify and defend.

52. An actual controversy has arisen and now exists between Internet Brands, on the one hand, and counter-defendants, on the other, regarding their respective rights, duties and obligations with regard to indemnity and the defense of claims brought by Flanders' victims and Internet Brands is entitled to and requests that this Court enter a declaratory judgment requiring counter-defendants to fully indemnify and defend Internet Brands for all costs, expenses, demands, settlements and judgments which may arise as a result of the claims brought by Flanders' victims.

**WHEREFORE**, Internet Brands prays as follows:

### On Defendant's First Counterclaim:

1. For compensatory damages for breach of contract according to proof;
2. For attorney's fees;
3. For costs of suit incurred herein;

### On Defendant's Second Counterclaim:

4. For compensatory damages for breach of contract according to proof;
5. For attorney's fees;
6. For costs of suit incurred herein;

### On Defendant's Third Counterclaim:

7. For compensatory damages according to proof;
8. For punitive and exemplary damages in an amount sufficient to punish plaintiffs and deter such future conduct;
9. For attorney's fees;
10. For costs of suit incurred herein;

### On Defendant's Fourth Counterclaim:

11. For compensatory damages for breach of contract according to proof;
12. For attorney's fees;
13. For costs of suit incurred herein;;

### On Defendant's Fifth Counterclaim:

14. For indemnification as to any judgment, settlement, cost or expense incurred by Internet Brands in an amount to be proven incurred as a result of any claim or litigation filed by Flanders' victims;
15. For a judicial declaration that counter-defendants have the duty and obligation to indemnify and hold Internet Brands harmless from any and all costs, expenses, damages, judgment or settlement incurred as a result of claims brought by Flanders' victims;
16. For attorney's fees;
17. For costs of suit incurred herein;

### On All Counterclaims:

18. For such other and further relief as the Court may deem just and proper.

DATED: August 11, 2010        ERVIN COHEN & JESSUP LLP

By: _____
David Bricker
Attorneys for Defendant and Cross-Complainant, Internet Brands, Inc.